194 So.2d 791 (1967)
LeRoy LeBLANC, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
No. 1831.
Court of Appeal of Louisiana, Third Circuit.
January 11, 1967.
Rehearing Denied February 15, 1967.
Dissenting Opinion February 21, 1967.
Nicholls Pugh, Jr., of Pugh & Boudreaux, Lafayette, for defendant-appellant.
Rogers, McHale & St. Romain, by Phillip W. St. Romain, Lake Charles, for plaintiff-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This suit and a companion case, Marie Josephine Courville v. State Farm Mutual Automobile Insurance Company, 194 So.2d 797, were the outgrowth of a single automobile collision and, because they involve an identical issue of law, will be discussed together in this opinion.
The facts of the accident are not disputed and only a single issue of insurance law is presented for our decision. On October 27, 1963, a vehicle owned and operated by Lawrence Pellerin collided with an automobile owned and operated by Calvin Lee Deshotel. LeRoy LeBlanc, the plaintiff *792 herein, was a guest passenger in the Deshotel vehicle and was injured in the collision. The husband of the plaintiff in the companion case, Joseph Clifford Courville, was also a passenger in the Deshotel automobile and was killed as a result of the collision between the two vehicles. The Pellerin automobile was uninsured, and on the trial it was established that the negligence of its driver was the sole and proximate cause of the accident.
State Farm Mutual Automobile Insurance Company was the insurer of the Deshotel vehicle, and it deposited the sum of $10,000.00, the limit of liability under the uninsured motorist provision of the Deshotel policy, into the Registry of the court to be distributed among the three claimants. In the distribution, the widow of Joseph Courville received $5,000.00, LeRoy LeBlanc $3,000.00, and Calvin Lee Deshotel $2,000.00. It was stipulated that the damages of LeRoy LeBlanc and Marie Courville were each in excess of $10,000.00.
At the time of the collision LeRoy LeBlanc was insured by Allstate Insurance Company as a passenger in a non-owned automobile under the provisions of the family policy covering his own automobile. In like manner, Joseph Courville was an insured under a policy of public liability insurance on his family automobile, which policy was written by State Farm Mutual Automobile Insurance Company. In the two instant suits LeRoy LeBlanc and the widow of Joseph Courville are suing the insurers of their respective family automobiles under the uninsured motorist coverage in the policies issued to each passenger.
The trial judge rendered judgment in favor of each plaintiff in the amount of $5,000.00, the policy limit for a single person under the uninsured motorist endorsement. The two insurance companies, State Farm Mutual and Allstate Insurance Company, have appealed, claiming that the distribution of the $10,000.00 fund deposited into the Registry of the court under the policy covering the automobile of Calvin Deshotel extinguished further liability under the LeBlanc and Courville policies, respectively.
Our research discloses no Louisiana case dealing precisely with the issue thus presented: Can a guest passenger who is injured through the negligence of an uninsured motorist and who collects a portion of his damages from the host driver's liability insurance carrier under the uninsured motorist coverage, also maintain an action against the passenger's own liability insurer under the uninsured motorist coverage of that policy?
Both insurers argue strongly that the policy of insurance covering the Deshotel vehicle was the primary policy and, under the "other insurance" provisions of their respective policies, the distribution of the entire policy limits under the Deshotel policy extinguished any claim which the plaintiffs might have under the uninsured motorist provisions of their respective policies. Each "other insurance" clause provides substantially as follows:

"Other Insurance. With respect to bodily injury to an insured while occupying an automobile now owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."
Since the limits of all three insurance policies in question are identical, the defendants contend that there is no "excess coverage", and, therefore, no liability at all under their respective policies.
The provisions of LSA-R.S. 22:620 provide that all basic insurance policy forms shall be filed with and approved by the *793 Commissioner of Insurance. The same statute recognizes the law and jurisprudence to the effect that any insurer may insert in its policy any provisions or conditions required by its plan of insurance or method of operation which are not prohibited by the provisions of the Insurance Code. In pertinent part, that statute provides as follows:
"(a) No basic insurance policy form * * * shall be issued, delivered, or used unless it has been filed with and approved by the commissioner of insurance. This Section shall not apply to policies, riders or endorsements designed to delineate the coverage for and used with relation to insurance upon a particular subject; nor which relates to the manner of distribution of benefits or to the reservation of rights and benefits under such policy, and which is used at the request of the individual policyholder, contract holder or certificate holder. Any insurer may insert in its policies any provisions or conditions required by its plan of insurance or method of operation which are not prohibited by the provisions of this Code."
By the 1960 amendment to LSA-R.S. 22:1406, the Legislature required all automobile liability insurance policies contain provisions for uninsured motorist coverage, unless rejected by the insured and again placed upon the Commissioner of Insurance the responsibility of approving the provisions of such uninsured motorist coverage.
Since the Commissioner of Insurance is charged with the administration and approval of such insurance provisions, great weight in the judicial interpretation of such provisions should be given to the construction consistently given it by the Commissioner.
In the instant case a stipulation was entered into as follows:
"It is agreed and stipulated by and between counsel for all parties to these consolidated proceedings, that if Mr. H. P. Walker were here present and testified in this case, and particularly in the case of `LeBlanc v. Allstate' that he would qualify as an expert on insurance policies; that he is in the employ of the Louisiana Casualty and Rating Bureau, and that as such, and whose duty it is to approve and regulate insurance policies and the provisions of the policies, and that he was very familiar with the policies, and if asked for an opinion on other insurance coverage, of the other uninsured motorist provision of the family automobile policy, that he would testify as shown in Casualty and Surety Review, March 30, 1965 issue, from which the following excerpt is taken and that that is the official view of the Casualty and Surety Division of the Louisiana Insurance Rating Commission.
"In connection with the stipulation, by agreement, we offer and file and introduce into evidence the March 30 issue of the Casualty & Surety Review, and particularly the question relating to the other insurance coverage that is set out on page 2 of this booklet."
On page 2 of the March 30, 1965 Review published by the Casualty & Surety Division of the Louisiana Insurance Rating Commission, the following appears:

"Question: We would like to ask you something that comes up frequently. Both person A and B have family automobile policies which provide uninsured motorist coverage in the obligatory limits of 5/10. Person A, while riding in Person B's automobile, is injured because of the negligence of an uninsured motorist, driving another automobile.
"Person A's injuries and also wages, etc., may exceed the uninsured motorist limit per person of $5,000. Can Person A look to his own family automobile policy insurer *794 to provide uninsured motorist limits in excess of the $5,000 available to him from Person B's policy?

"Answer. The answer is in the negative. Unlike BI, PD, and Medical Payments coverages, the UM limits in Person A's policy do not apply as excess over the UM insurance afforded by Person B's policy. A change in the phraseology of the `other insurance' clause in the uninsured motorist insuring agreement was made effective January 1, 1963.
"Nonetheless the new `other insurance' phraseology was merely intended to clarify the intent that, in circumstances of this nature, Person A cannot recover as excess insurance the UM coverage from his own family automobile policy."
The courts of this State have consistently recognized that interpretation placed upon statutes, rules and regulations by the administrators thereof will be accepted by the courts if they are reasonable and equitable. Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111; Bacon v. Reed (La.App., 4 Cir., 1961), 130 So.2d 141.
Under the "other insurance" provisions of the LeBlanc policy, relating to injuries sustained while occupying an automobile not owned by the named insured, since the primary insurance was equal to the insurance provided in the LeBlanc policy, the primary policy effectively extinguished Allstate's liability under the LeBlanc policy.
This direct question has not been presented in Louisiana to an appellate court. It has, however, been presented to courts in other states.
One of the earliest decisions concerning the "other insurance" provisions of an uninsured motorist clause was the case of Burcham v. Farmers Insurance Exchange (1963), 255 Iowa 69, 121 N.W.2d 500. In that case the plaintiff was riding in a non-owned automobile which was insured, including uninsured motorist coverage with limits of 5/10, when she sustained injuries as a result of the negligence of an uninsured motorist. The primary insurer of the car in which she was riding made settlement with the plaintiff. The plaintiff's father, with whom she resided, had in force and effect three policies of insurance with Farmers Exchange, all affording uninsured motorist coverage for a per person limit of $5,000.00. The plaintiff brought action against Farmers Insurance Exchange on the three policies issued to her father, claiming that those policies were applicable to the accident and injuries which she had sustained. The trial court rendered judgment in favor of the defendant, and the plaintiff appealed to the Supreme Court. The Supreme Court held that all of the policies involved in the litigation contained the same "other insurance" clause (which was substantially the same as the other insurance clause contained in all of the policies in the instant case), and that that clause afforded Farmers Insurance Exchange a complete defense because the policy limits for one person were the same in each policy. The court construed the "other insurance" provision to express the intention that each company intended to provide, and the insureds intended to buy, coverage to the extent stated in the "other insurance" clause, and that neither company intended an insured to receive more than $5,000.00 from all sources under uninsured motorist coverage while occupying a non-owned automobile.
The appellate courts of New York have also considered the effect of the "other insurance" clause of uninsured motorist policies containing the same provisions as are here involved with reference to non-owned automobiles, and have reached the same conclusion as was reached in the Burcham case, supra, to the effect that where the primary coverage affords limits not less than those of additional policies, that no excess insurance is available. Globe Indemnity Company v. Baker's Estate (1964), 22 A.D.2d 658, 253 N.Y.S.2d 170.
*795 The courts of California have also considered the identical "other insurance" provisions as are contained in the instant case, and have reached the same conclusions as were reached in the Burcham and Globe Indemnity Company cases, supra. See Kirby v. Ohio Casualty Insurance Company (1965), 232 Cal.App.2d 9, 42 Cal.Rptr. 509; and Grunfeld v. Pacific Automobile Insurance Company (1965), 232 Cal.App.2d 4, 42 Cal.Rptr. 516.
The State of Washington, in the case of Miller v. Allstate Insurance Company (Washington, 1965), 405 P.2d 712, likewise considered similar provisions and held that where the primary policy afforded coverage not less than that afforded by a possible excess policy, the excess policy was not applicable.
In the recent New Hampshire case of Maryland Casualty Company v. Howe (1965), 106 N.H. 422, 213 A.2d 420, it was held that when the insured had received the amount provided in the higher limits of either of the policies, he had recovered under uninsured motorist coverages all that was available to him.
The only states wherein a contrary result has been reached are the states of Oregon, Virginia and Florida.
In the Oregon case of Smith v. Pacific Automobile Insurance Company (1965), 240 Or. 167, 400 P.2d 512, Pacific Automobile Insurance Company insured the plaintiff for uninsured motorist coverage and had a standard "other insurance" provision such as we have in the instant case. Smith was riding in a non-owned automobile operated by Damewood. Damewood was insured under a policy of insurance with Oregon Mutual, but Oregon Mutual's policy had a non-standard provision with respect to the uninsured motorist clause. The court (after Oregon Mutual had paid Smith $2,500.00) considered the provisions of the two policies and found they were repugnant one to the other and allowed Smith to recover. The Smith case, supra, although reaching a contrary result because of the repugnant provisions, is completely distinguishable from the facts here involved.
The other two states, Virginia (Bryant v. State Farm Mutual Automobile Insurance Company (1965), 205 Va. 897, 140 S.E.2d 817; and White v. Nationwide Mutual Insurance Company v. Allstate Insurance Company (D.C.Virginia, 1965), 245 F.Supp. 1), and Florida (Sellers v. United States Fidelity & Guaranty Company (Florida, 1966), 185 So.2d 689), reached contrary results solely because the courts found that the "other insurance" provisions of the policies were contrary to their particular state statutes. In each of those states prior decisions had been rendered in Federal courts construing the uninsured motorist provisions giving full effect to the "other insurance" provisions of the policy. The Bryant decision, supra, effectively overruled the Federal court decision in Travelers Indemnity Company of Hartford, Conn. v. Wells (4 Cir. Virginia, 1963), 316 F.2d 770; and the Sellers decision, supra, effectively overruled the Federal court decision in the case of Chandler v. Government Employees Insurance Company (5 Cir. Florida, 1965), 342 F.2d 420. Both the Sellers decision, supra, in Florida, and the Bryant and White decisions, supra, in Virginia were based upon the court's interpretation of state statutes so as to require the excess insurer to afford full uninsured motorist coverage without limiting its liability based upon any primary coverage.
Louisiana statutes do not make the requirement of the Virginia or Florida statutes, and specifically reserve to the insurer the right to limit its liability so long as the uninsured motorist provision guaranteed to an insured minimum limits of coverage as a result of bodily injury sustained at the hands of an uninsured motorist.
We are of the opinion that the purpose of the statute in Louisiana is as set *796 forth in Couch on Insurance 2d, (1964), Section 45:623, Volume 12, page 570:
"The purpose of the statute making uninsured motorist coverage compulsory, it has been said is to give the same protection to a person injured by an uninsured motorist as he would have if he had been injured in an accident caused by an automobile covered by a standard liability insurance policy."
Under the result which we have reached, LeBlanc can recover only a total of $5,000.00 from both insurers. As stated above, he had already received $3,000.00 from the primary insurer, State Farm. Hence, he is entitled to recover $2,000.00 from the defendant, Allstate, as excess insurer.
For the reasons assigned, the judgment of the district court is amended by reducing the award to plaintiff from the sum of $5,000.00 to the sum of $2,000.00, and, as amended, is affirmed.
Defendant to pay costs of this appeal.
Amended and affirmed.
FRUGÉ, Judge (dissenting).
I respectfully dissent.
In 1962 the Legislature of this state added to our law R.S. 22:1406, subd. D(1), which, stripped of unnecessary language, requires that every automobile liability insurance policy issued in Louisiana contain coverage of not less than $5,000/$10,000 for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. It is conceded on all sides that Joseph Courville and LeRoy LeBlanc are "insureds" within the plain meaning of their respective policies and are legally entitled to recover their damages from Pellerin, the operator of the uninsured automobile. Yet the majority opinion of this court effectively withdraws the uninsured motorist coverage of the Courville and LeBlanc policies despite the positive provisions of our statutes which, in my opinion, require such coverage. In so doing, the majority relies upon a clause inserted by the companies into the policies of insurance and which, when given effect, avoids the requirement of uninsured motorist coverage because by coincidence the parties were the partial beneficiaries of their host driver's uninsured motorist coverage.
It is my view that if an injured person comes within the sphere of "insured" as defined by the policy, then the clear language of our statute requires that the person be afforded uninsured motorist protection in that same policy. Though they constitute a numerical minority, I am in full accord with the decisions in our sister states which hold that the scheme of protection against uninsured motorists will best be served by taking the Legislature at its word when it decreed that each policy shall protect the persons therein defined as "insureds" against the hazard of uninsured and insolvent motorists. Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla.Sup.Ct.1966); Bryant v. State Farm Mutual Automobile Ins. Co., 205 Va. 897, 140 S.E.2d 817 (1965). Accordingly, I believe that the determination of the trial judge in favor of coverage is correct and should be affirmed by this court.
On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ, J., dissents.
TATE, J., dissents and assigns written reasons.

On Application for Rehearing.
TATE, Judge (dissenting).
By means of this dissent the writer wishes to express his disagreement with the *797 majority opinion's reduction of the award to the plaintiff from $5,000 to $2,000. He agrees with his brother Frugé's dissent to the original opinion and has assigned additional reasons for his disagreement with the majority in his dissent as to the denial of rehearing in the companion case, Courville v. State Farm Mutual Automobile Ins. Co., 194 So.2d 797, rendered on the same date as the present opinion.