194 So.2d 797 (1967)
Marie Josephine COURVILLE, Individually and on Behalf of Minor Children, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Succession of Unknown Heirs of Lawrence Pellerin, Defendants-Appellants.
No. 1832.
Court of Appeal of Louisiana, Third Circuit.
January 11, 1967.
Rehearing Denied February 15, 1967.
Dissenting Opinion February 21, 1967.
Writ Refused April 14, 1967.
Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, McBride & Brewster, by Norman P. Foret, Lafayette, for defendants-appellants.
Hunt, Godwin, Painter & Roddy, by Fred R. Godwin, Lake Charles, for plaintiff-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ
SAVOY, Judge.
The instant case was consolidated with that of LeBlanc v. Allstate Insurance Company, 194 So.2d 791, bearing number 1831 on the docket of this Court, rendered this date.
The legal issues presented in the instant case and those presented in number 1831 are identical.
For the written reasons assigned in number 1831, the judgment of the district court is reversed, annulled and set aside, and judgment is hereby rendered in favor of defendant, State Farm Mutual Automobile Insurance Company, and against plaintiff, Marie Josephine Courville, rejecting her demands and dismissing her suit at her costs.
Reversed.
FRUGÉ, J., dissents with written reasons assigned in 1831.
On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ, J., dissents.
TATE, J., dissents and assigns written reasons.
TATE, Judge (dissenting).
I respectfully dissent from the majority's denial of rehearing.
The decedent Courville was killed through the negligence of an uninsured driver while he was riding in a friend's vehicle. The decedent Courville's liability policy included an "uninsured" coverage as required by Louisiana statute, LSA-R.S. 22:1406, subd. D, which covered any injuries to him caused by an uninsured motorist.
This statute pertinently provides that no liability policy shall be issued in Louisiana *798 (unless the insured rejects it) which does not include supplemental coverage "* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *." The enactment provides to the effect that the limits of such coverage shall not be less than $5,000 per person and $10,000 per accident.[1]
Despite the legislative mandate that each policy must contain "uninsured motorist" coverage protecting the named insured up to a limit of $5,000 for personal injuries, the majority's interpretation has caused the decedent Courville's policy to contain zero coverage for his death caused by an uninsured driver. His widow and children are held not entitled to recover one penny.
The majority permits the defendant insurer to evade its statutory liability because of a clause it inserted in its policy allowing it credit against its statutory liability for payments made under another policy's "uninsured motorist" coverage, even though the loss of Mrs. Courville and her children undoubtedly exceeds not only the $5,000 paid by the latter but the $10,000 loss payable by both insurers if her insurer is required to fulfill its statutory responsibility to afford her husband as named insured the full $5,000 "uninsured motorist" coverage required by statute.
The majority cites opinions of New York, California, Washington, and New Hampshire as representing the majority view to the contrary of that expressed by this dissent. It cites three 1965 and 1966 decisions of Oregon, Virginia, and Florida as being in accord with the views expressed by this dissent, but the majority distinguishes the Virginia and Florida decisions as based upon the own particular statutes of these states. However, by photocopies attached to his application for rehearing the plaintiff-appellee shows us that instead these statutes are similar to or identical with that of Louisiana, as was the South Carolina statute as originally enacted. (The South Carolina courts interpreted the latter as barring an attempt to evade the statutorily required "uninsured motorist" coverage by reason of the "other insurer" clause, such as the majority has here permitted. Vernon v. Harleysville Mutual Casualty Co., 244 S.C. 152, 135 S.E.2d 841, 1964. However, the South Carolina statute was subsequently amended by the legislature so as now to permit a reduction or evasion of the statutory coverage by such means.)
I think that the protective intent of the statute should be effectuated by our adopting that statutory interpretation which is more in accord with the legislative purpose, as have the courts of our sister states of Florida, Virginia, South Carolina, and Oregon. To adopt the majority's construction is to permit the insurer to evade its statutory liability by inserting an "other insurer" clause which renders nugatory the statute-required coverage.
In closing, I may add that I do not think the jurisprudence or the cases cited justify the majority's uncritical acceptance of a recent administrative construction as binding upon the court's interpretation of a statute. While a settled administrative construction may be properly persuasive in the case of an ambiguous statute, it is a judicial rather than an executive function to interpret the correct meaning of legislation. We introduce a principle which may cause much mischief in the future if we hold that a regulatory statute is to be vitiated by a recent permissive construction adopted by an agency which is essentially a servant of the insurance industry.
For these reasons, and for those expressed by my brother Frugé's dissent in the companion LeBlanc case 194 So.2d 796, I respectfully dissent from the majority's denial of rehearing.
NOTES
[1] In the statutory language: "* * * in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana * * *."