223 So.2d 492 (1969)
James W. LOTT
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY.
No. 7701.
Court of Appeal of Louisiana, First Circuit.
May 26, 1969.
John G. Villarrubia, Mettery I. Sherry, Jr., New Orleans, for appellant.
Stephen T. Victory, of Porteous, Toledano, Hainkel & Johnson, New Orleans, for appellee.
Before LANDRY, SARTAIN and MARCUS, JJ.
LANDRY, Judge.
Plaintiff, James W. Lott, driver of an automobile owned by Mrs. Iva Dell Tinsley and insured by Fireman's Fund American Insurance Company (Fireman's) was injured when the vehicle collided with an automobile owned and being operated by Robert Tournet, an uninsured motorist. Lott filed suit against Fireman's, Tournet and Southern Farm Bureau Casualty Insurance Company (Southern Farm), insurer of Lott's personally owned automobile. Recovery from Fireman's and Southern Farm is sought on the ground both policies contain "uninsured motorist" clauses. On motion of Lott's insurer, Southern Farm, summary judgment was rendered below dismissing plaintiff's claim against said defendant on the ground its "uninsured motorist" coverage constituted "excess insurance" inasmuch as Fireman's policy on the Tinsley vehicle contained an identical "uninsured motorist" clause affording primary insurance. Plaintiff has appealed the judgment dismissing his action against Southern Farm. We affirm the result reached below which we find to be correct. The facts of this matter are not in dispute. The issue presented on appeal is solely one of law.
On the evening of March 4, 1967, plaintiff, was operating the Tinsley vehicle *493 northerly along the Lake Ponchartrain Causeway, St. Tammany Parish. As he proceeded along this two-lane roadway, he observed a vehicle stopped ahead in his lane of travel, apparently experiencing some sort of difficulty. As he approached the stationary vehicle, Lott suddenly noted another automobile between his own and the stopped car, which said vehicle was traveling northerly without lights. Upon overtaking both said vehicles, Lott activated his left turn indicator and commenced to pass. When Lott's car paralleled the unlighted automobile, which was being driven by Tournet, the latter vehicle attempted to pull into the left lane and a collision resulted.
Plaintiff's petition seeks damages against defendants in the sum of $17,187.00. Fireman's Fund is made defendant by virtue of its policy provision which insures any authorized driver of the Tinsley vehicle in limits of $5,000/$10,000 against injuries sustained through the fault of an uninsured motorist, such as defendant Tournet. Southern Farm's alleged liability is also predicated upon an "uninsured motorist" clause in its policy issued on Lott's personally owned automobile. Southern Farm's coverage is also $5,000/$10,000.
In its reasons for judgment appearing of record, the trial court clearly indicated it felt bound by the decision rendered in LeBlanc v. Allstate Insurance Company (Third Circuit, La.App.), 194 So.2d 791, notwithstanding the lower court agreed with the dissents registered therein by two members of that court.
Appellant concedes, as indeed he must, the trial court properly followed the decision rendered in LeBlanc, supra, notwithstanding the court's disagreement therewith. We concur in this view inasmuch as the issues involved in the LeBlanc case, supra, and its companion case of Courville v. State Farm Mutual Automobile Insurance Company et al., La.App., 194 So.2d 797, are indistinguishable from the case at bar. Appellant urges, however, that this court is not bound by the LeBlanc and Courville cases which appellant maintains are contrary to La.R.S. 22:1406D(1). For this reason appellant urges our rejection of the majority view pronounced in the LeBlanc and Courville cases, supra, and acceptance of the dissenting view expressed therein.
The controversial provision of Southern Farm's policy reads as follows:
"With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."
In the court below, Southern Farm contended, and the trial court so held, that as regards bodily injury sustained by Lott while occupying an unowned vehicle which was likewise covered by an uninsured motorist clause providing primary coverage, Southern Farm's coverage would apply only in the amount by which the limits of its coverage exceeds the applicable limits of the coverage on the Tinsley automobile.
The sole contention made by appellant is that such a construction violates the terms of our Insurance Code, particularly LSA-R.S. 22:1406D(1), which states:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the Commissioner of Insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners *494 or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; providing, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."
Appellant maintains that provisions of the cited statute which stipulates "No * * insurance * * * shall be delivered * * * unless coverage is provided therein * * * for the protection of persons insured thereunder * * *." is contravened by the uninsured motorist clause of Southern Farm's policy. It is appellant's position that Southern Farm, in making its coverage excess insurance as regards injuries sustained by an insured while occupying a vehicle not owned by the named insured, has issued a policy which does not provide insurance to the limits of the Motor Vehicle Safety Responsibility Law, in violation of the cited statute. Appellant reasons that since there is no liability whatsoever on the part of Southern Farm where the insurance covering the vehicle involved in an accident provides protection to the statutory minimum, in these instances Southern Farm's policy carries no protection whatsoever.
We find no merit in appellant's contention. To hold that the policy in question does not provide required legal minimum coverage under the circumstances would, in our judgment, be unsound and lead to unfair and inequitable results. The policy does, in express terms, provide the specified statutory minimum limits of coverage. But for the primary insurance carried by Fireman's on the vehicle involved, Southern Farm would have been liable in the amount required by the applicable law. Moreover, if Fireman's policy did not extend coverage to the minimum protection afforded by Southern Farm's policy, Southern Farm would have been liable for the difference. By qualifying or limiting its coverage as hereinabove indicated, Southern Farm has merely protected itself against the eventuality of double recovery by an insured.
The clear and unmistakable purport of the pertinent law is to guarantee the availability of a certain legally stipulated minimum recovery to the injured party intended to be protected. This the policy does. That it is qualified or restricted in the manner shown violates neither the letter nor spirit of the controlling legislation. Under the circumstances attending this case, in any event, plaintiff is afforded the minimum protection required by law.
We are in agreement with the result reached in the LeBlanc and Courville cases, supra. In the cited authorities, Leroy LeBlanc and Joseph Courville were passengers in a vehicle owned and being operated by Deshotel. The Deshotel automobile collided with a car being driven by an uninsured driver, Pellerin, whose negligence was determined to be the sole proximate cause of the accident. State Farm Mutual, Deshotel's insurer, deposited its maximum limits, $10,000, with the Court. Said sum was distributed $5,000 to Courville's widow, $3,000 to Leroy LeBlanc and $2,000 to Deshotel. LeBlanc and Mrs. Courville filed suit against Allstate and State Farm, their respective personal automobile insurers, seeking further recovery of the maximum limits for injuries to a single person. It was contended that notwithstanding recovery under Deshotel's policy, claimants were also entitled to receive the total benefits provided under the uninsured motorist provisions covering their own vehicles. It appears the wording of the policies of Allstate and State Farm involved in the LeBlanc and Courville cases, supra, was identical with that of the Southern Farm policy with which we are herein concerned.
The majority in LeBlanc and Courville, supra, denied recovery in excess of $5,000 to any one claimant. In reaching its conclusion, the majority relied to some extent upon the stipulated testimony of H. P. Walker, employee of the Louisiana Casualty and Rating Bureau (Bureau), whose duties *495 included approval and regulation of policy provisions. Walker's testimony was to the effect that based on an article contained in the March 30, 1965, issue of the Casualty and Surety Review, the Bureau approved the "other insurance" clause as standard for this state and interpreted it to mean an injured party could not collect from his own insurer where the coverage on the host vehicle provided for the statutory minimum protection.
In addition, the majority in the LeBlanc and Courville cases, supra, painstakingly examined cases from other jurisdictions wherein this matter had been given previous consideration. It appears this review disclosed the majority rule to be that recovery is denied under the secondary policy when it is declared to be excess insurance to coverage on the host automobile. In adopting the majority view, the court in LeBlanc and Courville, supra, allowed LeBlanc an additional $2,000 under his own policy. Mrs. Courville was denied further recovery inasmuch as she had received $5,000 from the primary insurer.
The dissents in LeBlanc and Courville viewed the "other insurance" clauses involved to be violative of LSA-R.S. 22:1406 D(1). They concluded the effect of the rule announced by the majority was to deny insured persons protection for which premiums had been paid. Judge Tate's dissent also indicated apprehension concerning the majority basing the rule of contemporaneous construction on a single recent administrative statutory interpretation. With this observation we are in agreement inasmuch as generally the principle of contemporaneous construction is applied only with respect to administrative rulings of long standing. However, we conclude this aspect of the matter is of relative minor importance as respects the final determination reached in LeBlanc and Courville.
We are so inclined because we believe adoption by LeBlanc and Courville of what appears to be a well reasoned majority view, is consistent with what we understand to be the primary intent of the statute herein involved. Assuming the nonexistence of the administrative interpretation shown in LeBlanc and Courville, we would nevertheless reach the same conclusion for the reasons hereinabove set forth. Of even more importance is the significant fact that the Supreme Court denied writs in the Courville case, see Courville v. State Farm Mutual Automobile Insurance Company, 250 La. 535, 197 So.2d 79. The refusal of the Supreme Court to review Courville must be taken at least as approval of the result reached by the Court of Appeal, though not necessarily the reasons given therefor. Since we find the instant matter indistinguishable from LeBlanc and Courville, we not only concur but find those authorities controlling.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.