235 So.2d 621 (1970)
Wesley JACKSON, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellees.
No. 11430.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1970.
Rehearing Denied May 26, 1970.
*622 Gravel, Roy & Burnes, by Chris J. Roy, Alexandria, for plaintiff-appellant.
Theus, Grisham, Davis, Leigh & Brown, by E. K. Theus, Monroe, for defendants-appellees.
Before AYRES, PRICE and WILLIAMS, JJ.
WILLIAMS, Judge.
This is a suit for damages for personal injuries received in an automobile accident on December 15, 1967. Plaintiff, Wesley Jackson, was a passenger in an automobile furnished to him for his own use by his employer, Southern Wires, Inc., and operated at the time of the accident by William C. Hammett, a fellow employee. A headon collision occurred about six miles south of Monroe, Louisiana on Highway 165 between the car operated by Hammett and one driven by Carlton L. Kelly, an uninsured motorist, who died as a result of injuries sustained. Plaintiff alleged the accident was caused by the mutual and concurrent negligence and lack of care of Kelly and Hammett and named Hammett and the Succession of Carlton L. Kelly as defendants. Plaintiff further alleged there was a policy of automobile liability insurance in full force and effect between Southern Wires, Inc. and Hartford Accident & Indemnity Company, both made defendants under the terms of which the insurer agreed to pay for or indemnify any person for damages suffered by them as a result of the negligent operation of their automobile by anyone including Hammett, with their permission and consent. Alternatively, plaintiff alleged that only in the event the court should find Hammett not guilty of negligence, the policy in effect between Hartford and Southern Wires, Inc. contained provisions to the effect that the insurer agreed to pay for or indemnify any person such as petitioner for injuries received while occupying an insured automobile involved in an accident with another automobile caused by the negligence of an uninsured motorist. Plaintiff further alleged that there was a policy in full force and effect between Wesley Jackson and State Farm Mutual Automobile Insurance Company, also named defendant, containing uninsured motorist protection. State Farm filed a motion for summary judgment alleging that based on the allegations of plaintiff's petition concerning coverage by Hartford, as well as Hartford's policy itself, there was no coverage under State Farm's policy for any claim stated by plaintiff. The motion for summary judgment was sustained and plaintiff has appealed.
The insurance policies issued by Hartford and State Farm are both a part of the record. State Farm's policy contains the following provision under Part IV entitled Protection Against Uninsured Motorists:
"OTHER INSURANCE. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."
The uninsured motorist provisions of both policies contain bodily injury coverage in the minimum amount of $5,000 required *623 by the Motor Vehicle Safety Responsibility Law of this state. See LSA-R.S. 22:1406.
Plaintiff urges before this court that the trial judge erroneously sustained the motion for summary judgment and that plaintiff has in effect been deprived of the protection of his own insurance policy for which he has paid a premium. This argument is not convincing. The jurisprudence of this state is clearly to the effect that a plaintiff cannot stack uninsured motorist protection. LeBlanc v. Allstate Insurance Company, 194 So.2d 791 (La.App. 3d Cir. 1967); Courville v. State Farm Mutual Automobile Insurance Company, 194 So.2d 797 (La.App.3d Cir. 1967), certiorari denied, 250 La. 535, 197 So.2d 79 (1967).
Unlike LeBlanc and Courville, there is here but one plaintiff, who, under the allegations of his own petition, is shown to be covered under the uninsured motorist provisions of Hartford's policy. Under the allegations of plaintiff's petition Hartford is clearly the primary insurer and State Farm is the excess insurer. Plaintiff has in effect received all the coverage that he is entitled to under the law.
The Court of Appeal for the First Circuit dealt with a similar question of excess insurance in Lott v. Southern Farm Bureau Casualty Insurance Company, 223 So.2d 492 (1969). In that case the court concluded that a clause in an insurance contract substantially similar to the "Other Insurance" clause contained in State Farm's policy in the instant case did not violate the statute establishing minimum limits of coverage. The following observations are pertinent here:
"* * * The policy does, in express terms, provide the specified statutory minimum limits of coverage. But for the primary insurance carried by Fireman's on the vehicle involved, Southern Farm would have been liable in the amount required by the applicable law. Moreover, if Fireman's policy did not extend coverage to the minimum protection afforded by Southern Farm's policy, Southern Farm would have been liable for the difference. By qualifying or limiting its coverage as hereinabove indicated, Southern Farm has merely protected itself against the eventuality of double recovery by an insured.
"The clear and unmistakable purport of the pertinent law is to guarantee the availability of a certain legally stipulated minimum recovery to the injured party intended to be protected. This the policy does. That it is qualified or restricted in the manner shown violates neither the letter nor spirit of the controlling legislation. Under the circumstances attending this case, in any event, plaintiff is afforded the minimum protection required by law."
[223 So.2d 492, 494, 495]
The premium which plaintiff paid to State Farm for uninsured motorist protection is based upon a certain set of circumstances which have not been shown to have occurred here. There were no affidavits opposing the motion for summary judgment to the effect that if judgment in this suit were rendered against Hartford it would have been uncollectible. Thus, we hold that the motion for summary judgment was properly sustained.
The motion for summary judgment was filed on April 7, 1969. Subsequently, it appears that plaintiff and Hartford, the workmen's compensation insurer for Southern Wires, Inc. and Primary insurer herein, reached a compromise agreement and judgment dated October 13, 1969 in a workmen's compensation suit filed by Jackson in Rapides Parish. The date of its entry in this record is not shown. According to the terms of this agreement plaintiff received the amount of $5,500 and Southern Wires, Inc. and Hartford were thereby released from all claims arising out of the scope of plaintiff's employment, and further "from any and all claims of whatsoever kind, character or description arising out of that certain alleged accident occurring on or *624 about December 15, 1967 * * *" A joint motion and order of dismissal by attorneys for Hartford, Hammett and plaintiff seeking a dismissal of plaintiff's claims against Hartford and Hammett in the instant suit was filed, and an order dismissing Hartford and Hammett was signed by the trial judge on November 12, 1969. Appellee, State Farm argues that it is entitled to a credit for this amount under the "Limitations of Liability" provisions of its policy, and, since the $5,500 settlement was in excess of the coverage allowed under their policy, State Farm's liability is reduced to nothing. Having reached the conclusion based on the allegations of plaintiff's petition, accepting all well-pleaded facts as true that the motion for summary judgment was properly sustained, it is not necessary for us to consider the effect of the compromise judgment.
For the reasons assigned, the judgment appealed is affirmed. Costs of this appeal are assessed against appellant.