HOOD, Judge.
This is an action for damages instituted by Mrs. Geneva R. Broussard, individually and as natural tutrix of her three minor children. The suit arises out of the death of plaintiff’s husband, Wilbert Broussard. The defendants are Wilvin Whittington, James K. Whitaker and Traders and General Insurance Company. One of the defendants, Traders and General Insurance Company, filed an answer and a motion for summary judgment. After a hearing, the motion for summary judgment was granted, and such a judgment was rendered by the trial court dismissing the suit as to that defendant. Plaintiff has appealed.
The principal issues presented here, broadly stated, are: (1) What is the limit of liability of Traders and General Insurance Company under the provisions of the policies issued by it? (2) Are the amounts which have been paid to plaintiff under the Louisiana Workmen’s Compensation Law, or the present value of all amounts payable to plaintiff or her children under that law, equal to or in excess of the limit of liability of Traders and General under the policies issued by it ?
On November 1, 1968, Wilbert Broussard was an employee of a partnership known as Miller Brothers Service Station. The partnership owned a wrecker, and one of Broussard’s duties as an employee was to operate that wrecker. At about 10:00 P. M. on that date, while Broussard was backing the wrecker across Louisiana Highway No. 27 to retrieve an automobile from a canal located adjacent to that highway, a Cadillac automobile, owned by Wilvin Whittington and being driven with his permission by James K. Whitaker, ran into the side of the wrecker, turning it over and causing the death of Wilbert Brous-sard.
Plaintiff is the surviving widow of the decedent. In this suit she claims damages, individually and as natural tutrix for her minor children, issue of her marriage to the said Wilbert Broussard.
Plaintiff alleges that the defendants, Whittington and Whitaker, are both uninsured motorists. The parties agree that that allegation may be accepted as being true for the purpose of disposing of the *230 motion for summary judgment. There is no dispute as to any other relevant fact.
Prior to the time this accident occurred, Traders and General Insurance Company issued three insurance policies, all of which were in effect when Broussard was killed and all of which are pertinent to the issues presented here. These policies are described or identified as follows: (1) A family automobile policy issued to Wilbert Broussard, covering an automobile not involved in the accident, which policy contained a clause providing what is commonly referred to as “uninsured motorist coverage”; (2) a general automobile liability policy issued to Miller Brothers Service Station, covering the wrecker involved in the accident, which policy also contained a provision for uninsured motorist coverage; and (3) a workmen’s compensation insurance policy issued to Miller Brothers Service Station.
The parties entered into the following stipulation of facts for use in connection with the motion for summary judgment.
“1. That on or about November 1, 1968 Wilbert Broussard died as the result of injuries received in an accident on that date, which accident occurred during the course and scope of his employment with Linford Miller and Willie Miller d/b/a Miller Brothers Service Station.
“2. That plaintiffs have instituted this suit, as the surviving widow and three minor children of Wilbert Broussard, and have named Traders & General Insurance Company as one of the defendants.
“3. That Geneva R. Broussard, widow of Wilbert Broussard, was born on March 30, 1946 and the names and births dates of the three children who were born to Wilbert Broussard and Geneva R. Broussard are as follows:
(a)Mitchell John Broussard, born on August 24, 1963;
(b) Bryon Joseph Broussard, born on February 20, 1965;
(c) Frederick Shannon Broussard, born on November 15, 1967.
“4. That Traders & General Insurance Company was the workmen’s compensation insurer of Miller Brothers Service Station and has paid the statutory sum of $600.00 for burial expenses of the deceased, and beginning with November 2, 1968 Traders & General Insurance Company has paid, and is continuing to pay, the sum of $35.00 per week to Geneva R. Broussard and the three minor children.
“5. That the amount paid and the present value of all amounts payable to the plaintiffs herein under the Louisiana Workmen’s Compensation Law is $14,-600.00.
“6. That this stipulation is made for use in connection with the motion for summary judgment filed herein by defendant, Traders & General Insurance Company; and it is agreed that neither the filing of the motion nor anything contained therein, or in this stipulation, shall in anyway be construed as an admission on the part of Traders & General Insurance Company that Wilvin Whit-tington and/or James K. Whitaker are uninsured motorists.”
The uninsured motorist coverage provided in each of the two automobile liability policies stipulates a limit of liability of $5,000.00 for each person, and $10,000.00 for each accident. An “insured” is defined in the uninsured motorist clause of the automobile liability policy issued to Miller Brothers Service Station, as follows:
“Each of the following is an insured itnder this insurance to the extent set forth below:
(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;
*231 (b) any other person while occupying an insured highway vehicle; and
(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above.
“The insurance applies separately with respect to each insured, except with respect to the limits of the company’s liability.”
Substantially the same definitions and provisions are contained in the uninsured motorist clause in the automobile liability policy issued to Wilbert Broussard.
Plaintiff contends that there are five claims presented in this suit. One is Mrs. Broussard’s claim, on behalf of the decedent’s estate, for funeral bills in the amount of $3,000.00. Another is Mrs. Broussard’s claim under LSA C.C. art. 2315 for damages for the death of her husband, in the sum of $137,000.00. And, finally, a separate and additional claim is made by plaintiff for and in behalf of each of her three minor children. It is argued that plaintiff is an “insured”, and that each child of the decedent also is an “insured” under the above quoted provision of the Miller Brothers policy. Plaintiff takes the position that since there are several insureds, each of whom has the right to assert his claim separately, the limit of liability provided in that policy is $10,000.00, instead of $5,000.00, as found by the trial court.
The uninsured motorist clause in the Miller Brothers policy provides that the company will pay all sums which the insured shall be entitled to recover as damages “because of bodily injury sustained by the insured * * Under the heading of “Limits of Liability,” that clause further provides:
“Regardless of the number of insureds under this policy, the company’s liability is limited as follows: (a) The limit of liability stated in the schedule as applicable to 'each person’ is the limit of the company’s liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting ‘each person’, the limit of liability stated in the schedule as applicable to ‘each accident’ is the total limit of the company’s liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident.” (Emphasis added).
In this case, Wilbert Broussard was an insured under the Miller Brothers policy until the moment of his death, because he was “occupying an insured highway vehicle.” He was the only person who sustained bodily injury, and he sustained that injury as the result of one accident. The policy clearly states that the limit of liability stated in the schedule as applicable to “each person” (that being $5,000.00) is the limit of the company’s liability for all damages because of bodily injury sustained by one person as the result of any one accident. Since only one person sustained bodily injury here, we think the liability of the insurer is limited to $5,000.00 in spite of the fact that there are several claimants.
Plaintiff calls our attention to the fact that, after defining the term “insured,” the policy provides that “the insurance applies separately with respect to each insured, except with respect to the limits of the company’s liability.” We do not interpret this as meaning that a separate limit of liability is applicable to each of the claimants in this suit, subject of course to the maximum of $10,000.00. On the contrary, the last part of that provision indicates to us that the limits of liability otherwise provided in the policy for bodily injury sustained by one person were not to be affected by the fact that there may be several survivors who are entitled to re *232 cover damages resulting from the injury and death.
Our conclusion is that since only one person sustained bodily injury as a result of the accident, the limit of liability specified for “each person” applies. The liability of Traders and General under the Miller Brothers policy thus is limited to $5,000.00. See LeBlanc v. Allstate Insurance Company, 194 So.2d 791 (La.App. 3 Cir. 1967); Courville v. State Farm Mutual Automobile Insurance Company, 194 So.2d 797 (La.App. 3 Cir. 1967).
Plaintiff points out that in this case there are two separate insurance policies, each of which provides uninsured motorist coverage. One of these policies, as we have already noted, was issued to Miller Brothers and the other to Wilbert Broussard. It is argued that uninsured motorist coverage thus is provided by both policies, and that even though the minimum liability ($5,000.00) is held to apply in each instance, the total liability of Traders and General under both policies is $10,000.00.
The family automobile policy issued to Wilbert Broussard contains the following provision with reference to uninsured motorist coverage:
“ ‘Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.’ ” (Emphasis added).
The decedent Broussard was occupying the Miller Brothers wrecker when the accident occurred. The policy issued to Miller Brothers covering that wrecker thus provided the “primary insurance” insofar as the claims being urged here are concerned. The policy issued to Wilbert Broussard merely provided excess coverage.
The above quoted stipulation in the Broussard policy limits the “excess insurance” provided by that policy to the amount “by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.” The limit of liability specified in each of these policies is $5,000.00. The coverage provided by the Broussard policy thus does not exceed the applicable limit of liability specified in the Miller Brothers policy. Under those circumstances, the trial court correctly held that there is no liability on the part of the insurer under the Broussard policy. Lott v. Southern Farm Bureau Casualty Insurance Company, 223 So.2d 492 (La.App. 1 Cir. 1969) ; LeBlanc v. Allstate Insurance Company, supra; and Courville v. State Farm Mutual Automobile Insurance Company, supra.
Our conclusion is that the maximum liability of Traders and General Insurance Company under the two automobile liability policies which it issued is $5,000.00.
Plaintiff contends further that since there are five separate and distinct claims for damages here, there should be a separate deduction in each instance of the amount paid, or the value of the amounts payable, to each of said claimants under the Workmen’s Compensation law. It is argued that the compensation payable to each child cannot exceed $2,333.33, and that each such child should be entitled to recover the difference between that figure and the $5,000.00 limit of liability provided in each policy.
We have already held, in effect, that since only one person sustained bodily injury, there is only one claim, and that each survivor of the decedent is not entitled to assert a claim against Traders and General up to the limit of liability for “each person.” Although plaintiff and her children are all “insureds” under the uninsured motorist provision of the policy, they never *233 theless cannot assert claims which collectively exceed the limit of liability provided in the policy where only one person sustained a bodily injury. The total amount which could be recovered from Traders and General by all of the claimants together, cannot exceed the limit of $5,000.00.
In view of the conclusions which we have reached, it is unnecessary for us to determine whether a separate deduction should be made of compensation payments to each child. For, even under plaintiff’s theory, the amounts paid to plaintiff and her children under the Workmen’s Compensation Act, or the value of the amounts payable to them, exceed the limit of liability of Traders and General under the policies issued by it.
Finally, plaintiff contends that there are two uninsured motorists here, Whittington and Whitaker, both of whom are alleged to be negligent. She takes the position that she and her children have separate claims against each of these defendants, and that separate policy limits apply to each of them. We find no merit to this argument for several reasons. Only one uninsured vehicle was involved in the accident. The uninsured motorist clause provides that the insurer will pay “all sums which the insured or his legal representative shall be legally entitled to recover as damages .from the owner or operator of an uninsured automobile.” This language indicates that the insurer is to pay damages recovered from either the owner or the operator of the uninsured vehicle, but not from both. Also, the petition alleges no facts which tend to show negligence on the part of the owner, Whittington. And, finally, since only one person sustained bodily injuries, the insurer’s liability is limited to $5,000.00, regardless of the fact that more than one person may be liable to plaintiff for damages.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.