SARTAIN, Judge.
Sue Nell Graham sustained injuries as a result of an automobile accident. At the time this action was instituted, she was a minor and was represented by her father, Robert C. Graham, who also appeared individually. Since that time, but prior to trial, Sue Nell Graham, having become of age, was substituted as a proper party plaintiff on February 19, 1968 in addition to Robert C. Graham.
The parties to this appeal agreed to submit to this court a narrative of facts in lieu of the transcribed testimony taken in the lower court.
The parties agree that the only question on appeal relates to the amount of coverage and limit of liability of the Southern Farm Bureau Casualty Insurance Company, a defendant (hereinafter referred to as Southern Farm Bureau). The trial judge decided that Southern Farm Bureau’s maximum exposure under the uninsured motorist provision of its three policies was the aggregate amount of $5,000.00. With this conclusion, we disagree and for reasons hereinafter stated amend the judgment rendered in the district court.
The agreed narrative of facts is as follows :
“On November 19, 1966, an accident occurred wherein Sue Nell Graham, then minor child of Robert C. Graham, received injuries.
'“Miss Graham was a passenger in an automobile driven by John R. Newkirk and owned by M. D. Collier.
“The sole cause of the accident was the negligence of Wilson D. McCahill, an uninsured motorist.
“The medical expenses incurred by Robert C. Graham for his daughter totaled $24,746.02. Sue Nell Graham’s injuries entitled her to an award of $25,000.00, as stipulated for personal damages.
“No uninsured motorist insurance coverage nor any other similar insurance was available to petitioners by virtue of John R. Newkirk, M. D. Collier or the Collier vehicle.
“Southern Farm Bureau Casualty Insurance Company provided three policies of liability insurance to petitioners which were in force:
(a) Policy Number L 684847 issued to Sue Nell Graham providing $5,000.00 uninsured motorist coverage;
(b) Policies Number L 684440 and L 865866 issued to Robert C. Graham, father of Sue Nell Graham, each providing $5,000.00 uninsured motorist coverage.
“All three policies are in evidence and form part of the appellate record.”
*374 The judgment of the trial court made the following awards:
“In favor of plaintiff Robert C. Graham and against defendant, Wilson D. Mc-Cahill in the sum of $24,746.02, together with legal interest thereon from date of judicial demand until paid.
“In favor of plaintiff, Sue Nell Graham and against defendant, Wilson D. Mc-Cahill in the sum of $25,000.00, together with legal interest thereon from date of judicial demand until paid.
“Defendant, Southern Farm Bureau Casualty Insurance Company is condemned to pay to plaintiffs, Robert C. Graham and Sue Nell Graham the sum of $5,000.00 together with legal interest thereon from date of judicial demand until paid in the proportion of one-half (%) to each plaintiff.
“In favor of Third Party Plaintiff, Southern Farm Bureau Casualty Insurance Company and against Wilson D. McCahill for $5,000.00, together with legal interest from date of judicial demand until paid.”
This appeal is therefore concerned with the amount for which Southern Farm Bureau is obligated to the plaintiffs and, as a result, the additional amount for which Wilson D. McCahill is obligated to Southern Farm Bureau under the latter’s third party petition.
The controversy is over the interpretation and application of clauses in the policies which restrict the coverage and liability of the insurer.
All three policies contain the same pertinent language. After defining “insured” as “the named insured and any relative”, the policy states the following restrictions based on “other insurance”.
“With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this in- ' surance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.”
The first paragraph applies where the host vehicle, which the insured is occupying but does not own, is covered by uninsured motorist insurance. Its provisions are inapplicable to this case, since it was stipulated that no such insurance or similar insurance was available by virtue of John R. Newkirk (the driver of the host vehicle), M. D. Collier (the owner) or the Collier vehicle.
The second paragraph directly contemplates the situation herein presented. Sue Nell Graham is the named insured in one policy and a relative of the named insured in the other two policies, qualifying her for coverage under all three policies. Robert C. Graham is the named insured in two policies and a relative of the named insured in the other policy, qualifying him for coverage under all three policies. Thus, each of the two insured persons “has other similar insurance available to him and applicable to the accident.”
Therefore, the majority of the cases cited and discussed in the appellate briefs are not applicable inasmuch as they involved primary insurance on the host vehicle. LeBlanc v. Allstate Ins. Co., 194 So.2d 791 (La.App. 3d Cir. 1967); Courville v. State Farm *375 Mutual Automobile Ins. Co., 194 So.2d 797 (La.App. 3d Cir. 1967), cert. den. 250 La. 535, 197 So.2d 79 (1967); Lott v. Southern Farm Bureau Casualty Ins. Co., 223 So.2d 492 (La.App. 1st Cir. 1969); Jackson v. State Farm Mutual Automobile Ins. Co., 235 So.2d 621 (La.App. 2d Cir. 1970); Long v. United States Fire Ins. Co., 236 So.2d 521 (La.App. 4th Cir. 1970); Rolling v. Miller, 233 So.2d 723 (La.App. 4th Cir. 1970).
With respect to the second paragraph of the policy language quoted above, the pro-rata clause, appellants contend that an insurer should not be allowed to issue three separate policies providing uninsured motorist coverage of $5,000.00, to charge and collect three separate premiums therefor and then invoke the pro-rata clause of each policy, as against the others, to restrict total coverage and liability to $5,000.00
The applicable law requires all such policy coverage to be “in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana”, those minimum limits including $5,000.00 per person per accident. L.R.S. 22:1406 D(l). In addition, L.R.S. 22:620 A reads as follows :
“ § 620. Approval of forms
A. No basic insurance policy form other than surety bond forms, or application form where written application is required and is to be attached to the policy, or be a part of the contract or printed life or health and accident rider or endorsement form shall be issued, delivered, or used unless it has been filed with and approved by the commissioner of insurance. This Section shall not apply to policies, riders or endorsements designed to delineate the coverage for and used with relation to insurance upon a particular subject; nor which relates to the manner of distribution of benefits or to the reservation of rights and benefits under such policy, and which is used at the request of the individual policyholder, contract holder or certificate holder. Any insurer may insert in its policies any provisions or conditions required by its plan of insurance or method of operation which are not prohibited by the provisions of this Code." (Emphasis ours)
Appellee contends that the effect of the pro-rata clause is to restrict an insured to a recovery of the minimum of $5,000.00, as required by L.R.S. 22:1406 D(l); the fact that the clause may preclude further recovery is not prohibited by the Louisiana Insurance Code and thus is permitted by L.R.S. 22:620 A. With this we agree. In the Lott case, supra, this court, finding a maximum allowable recovery of $5,000.00 due to the “excess coverage” clause of a policy, reasoned as follows:
“The clear and unmistakable purport of the pertinent law is to guarantee the availability of a pertain legally stipulated minimum recovery to the injured party intended to be protected. This the policy does. That it is qualified or restricted in the manner shown violates neither the letter nor spirit of the controlling legislation. Under the circumstances attending this case, in any event, plaintiff is afforded the minimum protection required by law.”
This reasoning is equally applicable to the pro-rata clause limitation in this case, so that State Farm Bureau may limit the recovery of an insured to a total of $5,000.00.
The case of Fremin v. Collins, 194 So.2d 470 (La.App. 4th Cir. 1967), cited by appellants, contains language to the contrary but the reported opinion makes no indication that the pro-rata clauses presently before us were involved in that case.
However, there are in this case two individual plaintiffs who are each insured under all three policies as pointed out above. Robert C. Graham proceeded to recover the special damages which he was legally obligated to incur and which he is legally allowed to recover on his own behalf. Sue Nell Graham was instituted as a proper party plaintiff on her .own behalf and proceeded in that capacity. Each plaintiff was award *376 ed an individual judgment far in excess of $5,000.00. Therefore, each is entitled to recover from Southern Farm Bureau as a separate insured, a maximum of $5,000.00; and giving further effect to the pro-rata clause, Southern Farm Bureau is liable under each policy for one-third of the amount due to each insured.
The last paragraph under the agreed narrative of facts contains the following statement:
“It is being understood, however, that Southern Farm Bureau Casualty Insurance Company is entitled to a judgment over and against McCahill for whatever amount Southern Farm Bureau Casualty Insurance Company is cast.”
We are unable to increase Southern Farm Bureau’s third party claim against Wilson D. McCahill for the reason that this matter is not properly before us because Southern Farm Bureau did not appeal from the judgment of the district court nor answer plaintiff’s appeal. C.C.P. Art. 2133, Williams v. City of Baton Rouge, (1968) 252 La. 770, 214 So.2d 138.
Accordingly, for the above and foregoing reasons the judgment of the district court rendered on November 24, 1969 is amended and as amended condemns defendant, Southern Farm Bureau Casualty Insurance Company, to pay to plaintiff, Robert C. Graham, and plaintiff, Sue Nell Graham, the sum of $5,000.00 each, together with legal interest thereon from date of judicial demand until paid and to be pro-rated one-third under policy L 684847, one-third under policy L 684440 and one-third under policy L 865866. The defendant, Southern Farm Bureau Casualty Insurance Company, is cast for the costs of this appeal. In all other respects the judgment of the district court is affirmed.
Amended and as amended, affirmed.