[L. A. No. 25367. In Bank. July 8, 1959.]

## AMERICAN AUTOMOBILE INSURANCE COMPANY (a Corporation), Respondent, v. REPUBLIC INDEMNITY COMPANY OF AMERICA (a Corporation), Appellant.

Wyman & Finell and Marvin Finell for Appellant.

Bledsoe, Smith, Cathcart, Johnson & Phelps, Wilbur J. Russ, and Bronson, Bronson & McKinnon as Amici Curiae on behalf of Appellant.

Parker, Stanbury, Reese & McGee and Raymond G. Stanbury for Respondent.

Weinstock, Anderson, Maloney & Chase, Sidney L. Weinstock and John R. Maloney as Amici Curiae on behalf of Respondent.

GIBSON, C. J.—This is an appeal from a declaratory judgment determining the obligations of two insurance companies whose policies, respectively, were issued to the driver and the owner of an automobile involved in an accident. On March 27, 1956, John M. Steinberg, who was insured by American Automobile Insurance Company, was driving a car which, as a customer, he had borrowed from Max Barish, Inc., an automobile dealer and garage company insured by Republic Indemnity Company of America. The persons injured in the accident recovered by stipulation a judgment of $5,000 against both the driver and the owner of the car.

The limits of each of the two policies are sufficient to cover the loss. The policy issued by Republic to the owner provides in its body for extension of coverage to any person using an automobile of the owner with permission, but affixed to the policy is Special Endorsement No. 4 which provides: "It is agreed that, with respect to any automobile used with the permission of the named insured by a customer of the named insured, such insurance as is provided by the policy applies only to the named insured." The policy issued by American to the driver insures him when using the automobile of another with permission. Both policies contain clauses to the effect that if the insured has other insurance covering the loss the company shall not be liable for a greater proportion of the loss than the limit recited in the policy bears to the applicable

limit of all valid and collectible insurance against the loss, but that with respect to coverage for the driving of a car not owned by the insured the insurance under the policy shall·be excess over any other valid and collectible insurance.[1]

The trial court concluded that Special Endorsement No. 4 was contrary to public policy and invalid, that Republic's policy covered the driver as an additional insured and provided primary insurance whereas the policy issued by American provided excess insurance only, and that Republic was obligated to satisfy the whole judgment without being subrogated to any right of the owner against the driver. Republic has appealed from this judgment.

The conclusion that Special Endorsement No. 4 is invalid is supported by *Wildman* v. *Government Employees' Ins. Co.*, 48 Cal.2d 31, 37-40 [307 P.2d 359]. In that case the court held that an endorsement which restricted the coverage of an automobile liability insurance policy to accidents occurring when the car was being driven by the named insured or members of his immediate family was contrary to the public policy expressed in sections 402 and 415 of the Vehicle Code and therefore invalid.[2] It was expressly held that section 415 as it then read must be considered part of every automobile liability insurance policy. The section specifically required coverage of any person using the car with permission as well as coverage of the named insured, and it follows that Special Endorsement No. 4, which purports to exclude coverage of a customer of the owner, is invalid under the rules of the Wildman case. The fact that here, unlike the situation pre-

---

[1] The "other insurance" clause in American's policy contains a further provision, not present in Republic's policy, relating to insurance issued at lower premium as excess insurance over disclosed prior insurance of the named insured. This provision is not relevant here and nothing that will be said about the "other insurance" clauses or the excess provisions in them is intended to relate to it.

[2] Section 402, insofar as pertinent here, provides that the owner of a motor vehicle is liable, within limited amounts, for damage caused by the negligence of a person operating the car with the owner's consent.

Section 415, as it read at the time of the events involved in both the Wildman case and the present action (1954-1956), provided in part: "Requisites of Motor Vehicle Liability Policy. (a) A 'motor vehicle liability policy,' as used in this code means a policy of liability insurance issued by an insurance carrier authorized to transact such business in this State to or for the benefit of the person named therein as assured, which policy shall meet the following requirements: . . . (2) Such policy shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or motor vehicles with the express or implied permission of said assured. . . ."

sented in that case, the injured persons were afforded protection by the coverage of the derivative liability of the owner and by the policy carried by the driver is immaterial because the operation of section 415 was not limited to the situation where the injured persons were not protected by other insurance.

■ Republic urges us to reconsider the Wildman case in view of an amendment of section 415 enacted in 1957 after the date of that decision.[3] The new legislation, according to Republic, was intended to clarify the meaning of the section by showing that the requirements there set forth were not a necessary part of every automobile liability policy. The 1957 enactment does not affect the present case or the correctness of our holding in the Wildman case. The amendment is not retroactive and therefore has no direct application to the accident involved here, which took place prior to 1957. ■ It makes a material change in the phraseology of the section, and such a change is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the provision rather than interpret it. (*Whitley* v. *Superior Court,* 18 Cal.2d 75, 79 [113 P.2d 449]; *Estate of Todd,* 17 Cal.2d 270, 274-275 [109 P.2d 913].)

■ Since Special Endorsement No. 4 of Republic's policy must be disregarded, Steinberg, who was driving the automobile, was an additional insured under the terms of the policy issued by Republic to the owner. Thus the policies of both insurers covered the driver's liability, and each insurer would have been obligated to satisfy the whole judgment against Steinberg if the other insurance had not existed. The next question is whether the loss must be borne by one of the two insurers or apportioned between them.

■ The language of the "other insurance" clauses contained in both policies is substantially the same. The clauses consist of two parts; the first provides generally for prorating where there is other insurance covering the loss, and the second provides, as a specific exception, that when the named in-

---

[3]As amended by Stats. 1957, ch. 1654, p. 3034, section 415 reads in part: "Requisites of Motor Vehicle Liability Policy. (a) A 'motor vehicle liability policy,' *as used in this chapter* means an owner's policy or an operator's policy, or both, of liability insurance, *certified as provided in section 414 as proof of ability to respond in damages,* issued by an insurance carrier authorized to transact such business in this State to or for the benefit of the person named therein as assured." (Italics added.)

sured is driving a car not owned by him the insurance will be excess over all other insurance. Because American's named insured, Steinberg, was driving another person's car, American's insurance falls within the exception specified in its policy if the insurance of Republic is treated as other insurance. On the other hand, Republic's insurance comes under the prorate provision in its policy if American's insurance is treated as other insurance.[4]

Where "other insurance" clauses of this type appear in the automobile liability policies of both the driver and the owner, the cases have generally given effect to the excess provision in the policy of the driver and have held that the insurer of the owner is primarily liable and must bear the whole loss, within the limits of its policy. (*Pleasant Valley etc. Assn.* v. *Cal-Farm Ins. Co.*, 142 Cal.App.2d 126, 136 [298 P.2d 109]; *General Insurance Co.* v. *Western Fire & Casualty Co.*, 241 F.2d 289, 295; *Farm Bureau Mut. Auto. Ins. Co.* v. *Preferred Acc. Ins. Co.*, 78 F. Supp. 561, 565; *Citizens Casualty Co. of N. Y.* v. *Allied Mutual Ins. Co.*, 217 Md. 494 [144 A.2d 73].)

These cases are based on the reasoning that the policy of the owner is other insurance within the meaning of the excess provision of the driver's policy and that therefore this provision is effective; they do not consider the driver's policy as other insurance within the meaning of the prorate provision of the owner's policy and accordingly treat the prorate provision as not operative. Although this reasoning has been referred to as circular, depending on which policy one happens to read first (see *Oregon Auto. Ins. Co.* v. *United States Fidelity & Guar. Co.*, 195 F.2d 958, 960), we have concluded that the result reached in the cases cited above is correct.[5] When the "other insurance" clauses are construed in accordance with their purpose, the prorate clause in the owner's policy, as we shall see, is not applicable to a situation like the one involved here.

The "other insurance" clause in American's policy is identical with that contained in the "National Standard Automobile

---

[4]The excess provision in *Republic's* policy is not applicable here because the accident was caused by a car owned by Republic's named insured, and the prorate provision in *American's* policy is not applicable because the excess provision in that policy is operative and controlling.

[5]In the Oregon Automobile Insurance Company case the "other insurance" clause in the owner's policy differed from the one involved here in that it wholly excluded coverage of a driver other than the named insured when that driver had other insurance.

Policy," used by the great majority of casualty insurers in the United States. (See Faude, The 1955 Revision of the Standard Automobile Policy, Coverage: Insuring Agreements and Exclusions, 1955 Proceedings of the Section of Insurance Law of the American Bar Association, p. 48.) Although Republic did not use the standard form, its "other insurance" clause is substantially the same as that appearing in the standard policy. That policy as well as the policies involved here extends coverage to the named insured when he drives a car other than his own and also to any other person when driving the car of the named insured. For that reason there will be dual insurance when an accident is caused by a person not driving his own car and both the driver and the owner are insured under a standard policy. Clearly the excess provision of the "other insurance" clause is intended to show how the loss should be borne in this frequently recurring situation. It is impossible, and could not have been intended, that the excess provision would govern with respect to the insurance of the driver and that at the same time the prorate provision would control with respect to the insurance of the owner because proration of the loss and treating the driver's insurance as excess over the insurance of the owner obviously lead to inconsistent results. The only construction of the "other insurance" clause under which both its parts will be meaningful is that the *excess* provision alone controls in every situation which falls within its terms, such as when a person is driving the car of another and both the driver and the owner have insurance, and that the *prorate* provision alone governs in all other situations, for example, when more than one policy has been issued to the same person. When the driver's insurance is excess, it necessarily follows that the insurance of the owner is primary, and therefore the owner's insurer must bear the entire loss to the extent of the limits of the policy.

The judgment is affirmed.

Shenk, J., Schauer, J., Spence, J., McComb, J., and Peters, J., concurred.

Appellant's petition for a rehearing was denied August 5, 1959.