DOROTHY BURCHAM (NAVRKAL), appellant, v. FARMERS INSURANCE EXCHANGE, a corporation, appellee.

No. 50948.

(Reported in 121 N.W.2d 500)

MAY 7, 1963.

Wetz & Cosgrove and Shull, Marshall, Mayne, Marks & Vizintos, all of Sioux City, for appellant.

Stilwill, Wilson & Rhinehart, of Sioux City, for appellee.

THORNTON, J.—Plaintiff, while riding in an automobile owned and driven by Ray Navrkal, received injuries in a collision with a car owned by one Beacom. The Beacom car and driver were uninsured. Navrkal carried insurance with Surety

National Insurance Company (Surety). Surety's policy provided uninsured motorist coverage. Surety has settled its liability with plaintiff for $3700. Its policy limit for injuries to any one person is $5000.

Plaintiff's father has three policies, identical for our purpose, with defendant, Farmers Insurance Exchange (Exchange), each provides uninsured motorist coverage. The limit for injuries to any one person in each is $5000.

Plaintiff brings this action to recover on the uninsured motorist provisions in these three policies. In its answer defendant, Exchange, pleads paragraph 18 (excess-escape clause) of its policy, and that Surety's policy constitutes other similar insurance available to plaintiff, as a complete defense.

Plaintiff requested the trial court to rule on a point of law under rule 105, Rules of Civil Procedure: The point of law is, is the policy of Surety other similar available insurance as to make effective paragraph 18 of the conditions of defendant's policies? The trial court held Surety's policy is such other similar available insurance. We have granted plaintiff an interlocutory appeal to determine the correctness of this ruling.

This is a question of first impression here, and as far as authorities cited or revealed by our search the question presented has not been decided elsewhere. (See 7 Am. Jur.2d, Automobile Insurance, sections 135, 136, on uninsured automobile, and Jarrett v. Allstate Insurance Co., 26 Cal. Rptr. 231, considering another point in an uninsured automobile case.)

The effect of the policies of both companies is to pay all damages which the insured shall be legally entitled to recover from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile.

Each policy has "other insurance" conditions with respect to its uninsured motorist coverage. Each company has set up three classifications. They appear in each policy in effect as follows, for ease of reference we will indicate by "A", "B" and "C".

A. "* * * while occupying an automobile not owned by the named insured, the insurance afforded by this policy shall apply

only as excess insurance over any other similar insurance available to such insured [occupant], and this insurance shall then apply only in the amount by which the applicable limit of liability of this policy exceeds the sum of the applicable limits of liability of all such other insurance." (Paragraph 18 of Exchange's policy, here claimed applicable.)

B. "* * * while occupying or through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, * * *." (Excess-escape provision as above. This clause is not applicable here.)

C. "Subject to the foregoing * * *, if the insured has other similar insurance available to him against a loss covered * * * shall not be liable * * * for a greater proportion of such loss than the applicable limit of liability * * * bears to the total applicable limits of liability of all collectible insurance against such loss * * *." (Surety's situation)

"A" above is the limiting clause relied on by Exchange. Its contention is the clause provides for excess insurance up to the policy limits and Surety's policy has the same limits and is other similar insurance available. It contends the general rule that excess clauses are preferred over pro rata clauses is applicable. The trial court so held. It also contends the clear wording of its policy sustains the trial court as Surety has recognized its liability and there is no question but that Surety's policy is "other insurance."

Plaintiff contends for reversal the general rule of excess clauses being preferred over pro rata clauses is inapplicable because the clause in defendant's policy is not an excess clause but an escape clause or a mixed excess-escape clause. She contends the policies are concurrent and each is liable to the extent of its limits.

I. If it were not for the other, each company covers the loss to the extent of its limits. It is apparent the clause on which Exchange relies is more than a simple excess clause. It provides for the payment of the excess between the amount payable under other insurance and its own limit. Where the other insurance limit equals (as here) or exceeds Exchange's limit, its effect is to escape liability. It assures up to the policy limit from some

source. See excess clause in Motor Vehicle Casualty Co. v. Le-Mars Mutual Insurance Co., 254 Iowa 68, 71, 116 N.W.2d 434, 436, and pro rata, excess and no-liability or escape clauses, 7 Am. Jur.2d, Automobile Insurance, sections 200, 201, pages 542, 543.

II.  In the pro rata-excess clause conflict cases there are elements present we do not have here. The typical situation, often refined, or perhaps complicated, by lessor-lessee contracts and comprehensive insurance coverage, the owner of an automobile permits another to drive the owner's automobile. While so driving damage is caused to another person. Such other person brings suit against the owner and the driver. The owner has liability coverage to protect him and his permission driver is included as an insured. The driver has liability coverage protecting him while driving a nonowned automobile. In the event of "other insurance" the owner's policy provides it shall only be liable pro rata, the driver's policy provides simple excess coverage, i.e., it is not called on until the other insurance has been exhausted, an order of payment is set up. In this situation it is now by far the majority view that the excess clause is given effect and preferred over the pro rata clause. Motor Vehicle Casualty Co. v. LeMars Mutual Insurance Co., 254 Iowa 68, 73, 74, 116 N.W.2d 434, 437, 438, and authorities there cited. The basis for so holding is not always clear. It may, however, be justified on what is a rational basis of the intent of the insurance industry in its use of such clauses to set up order of payment and limit amounts payable to prevent double recovery. In the typical situation above the owner's policy covers both the driver and owner, while the driver's policy covers only the driver not the owner. From this the owner's insurance is called the primary policy and is other similar insurance or other valid and collectible insurance to the amount of its policy limit. The pro rata clause in the owner's policy is disregarded and effect given the excess clause in the driver's policy. See Motor Vehicle Casualty Co. v. LeMars Mutual Insurance Co., supra; American Automobile Insurance Co. v. Republic Indemnity Co., 52 Cal.2d 507, 341 P.2d 675; Travelers Indemnity Co. v. National Indemnity Co., 292 F.2d 214, 221 (8th Cir. 1961); Citizens Mutual Automobile Insurance Co. v. Liberty Mutual Insurance Co., 273 F.2d 189, 192, 193 (6th Cir. 1959); McFarland v. Chicago Express,

200 F.2d 5, 8 (7th Cir. 1952); August A. Busch & Co. of Massachusetts v. Liberty Mutual Ins. Co., 339 Mass. 239, 158 N.E.2d 351, 354; Eicher v. Universal Underwriters, 250 Minn. 7, 83 N.W.2d 895, 900; Turpin v. Standard Reliance Insurance Co. (Mutual), 169 Neb. 233, 99 N.W.2d 26, 37; General Accident Fire & Life Assurance Corp. v. Piazza, 4 N. Y.2d 659, 176 N. Y. S.2d 976, 152 N.E.2d 236, 241; 76 A. L. R.2d 502; and 46 A. L. R.2d 1163.

The reasoning in the above cases has been called circular. See Oregon Auto. Ins. Co. v. United States Fidelity & Guaranty Co., 195 F.2d 958, 959 (9th Cir. 1952). Time of issuance of the policies and which policy is more specific in the language used have generally been disregarded as a basis for decision. See authorities cited above.

In addition to the fact Exchange's excess clause is a limited or mixed excess-escape clause we do not have here a driver or owner of the car causing the damage or loss. This is actually a different type of insurance, it does not protect against liability but is an added benefit to pay what the insured is legally entitled to recover against the owner or operator of an uninsured automobile. None of the cases cited by Exchange holds the above rule is applied where an insurer's automobile is merely involved in a collision. Here there is no basis to say the Navrkal auto insured by Surety has the primary coverage unless it is from the intention expressed in both policies and from this a principle has been established by the courts that excess insurance is not to be considered other similar insurance available. Travelers Indemnity Co. v. National Indemnity Co., 292 F.2d 214 (8th Cir. 1961).

III. Plaintiff's contention that a mixed excess-escape clause is not preferred over a pro rata clause is not sustained by the authorities cited by her. They do not decide that question, but do recognize the difference between excess, escape and no-liability and mixed excess-escape clauses. Air Transport Mfg. Co. v. Employers' Liability Assurance Corp., 91 Cal. App.2d 129, 204 P.2d 647; Peerless Casualty Co. v. Continental Casualty Co., 144 Cal. App.2d 617, 301 P.2d 602; Firemen's Insurance Co. of Newark, N. J. v. Continental Casualty Co., 170 Cal. App.2d 698, 339 P.2d 602; Norris v. Pacific Indemnity Co., Cal. App., 237

P.2d 666; and Employers' Liability Assurance Corp. v. Fireman's Fund Insurance Group, 104 App. D. C. 350, 262 F.2d 239 (1958).

Here it is the escape or no-liability feature of Exchange's policy, clause "A" set out above, that affords it a complete defense, if any, because the policy limits for one person are the same in each policy. A clause with the same effect was considered in a lessor-lessee situation in McFarland v. Chicago Express, 200 F.2d 5, 6 (7th Cir. 1952). There the lessor's policy contained the excess-escape clause, the lessee's policy the pro rata clause. The court held that with the express limitations of its liability in the excess-escape clause the lessor's policy did not constitute other valid and collectible insurance within the meaning of the lessee's policy. This case has reverse features to those set out as a typical situation above.

IV. Though the reasoning may be criticized as circular and arbitrary, we believe the better rule is that where the insurance companies would be both liable except for the other, the excess-escape-clause policy should be held to be not other similar insurance to the policy containing the pro rata clause; conversely, the policy with only its pro rata clause applicable is regarded as other similar insurance as used in the excess-escape policy. A fair construction of the intention as expressed in the policies is that each company intended to provide and the insureds intended to buy coverage to the extent stated in the excess-escape clause. Neither policy contains a pure excess clause as in Motor Vehicle Casualty Co. v. LeMars Mutual Insurance Co., 254 Iowa 68, 116 N.W.2d 434. The companies set up the various classifications of losses, "A", "B" and "C" above, each the same. Clearly neither company intended an insured to receive more than $5000 from all sources while occupying a non-owned automobile—"A" above, Exchange's situation. The companies did not intend a situation where effect would be given to both the pro rata clause and the excess-escape clause in the present situation. That would be absurd, the insured would receive less than if only one policy covered the loss. To disregard the provisions of both policies and to allow plaintiff to collect to the extent of the policy limit of each policy, as asked by plaintiff, is

equally absurd in the face of positive policy limitations. This is not the construction of ambiguous policy provisions in favor of the insurance company and against the insured, a construction sanctioned nowhere, but a construction of the liability as between the insurance companies. Under this construction plaintiff is entitled to all it was contracted that she should receive. If plaintiff had come under "C" above, the pro rata clause in Exchange's policies as well as in Surety's, her situation would be different. It is clear the companies intended to sell less coverage and the insureds to buy less coverage, "while occupying an automobile not owned by a named insured."

Support for the above is found in Motor Vehicle Casualty Co. v. LeMars Mutual Insurance Co., 254 Iowa 68, 116 N.W.2d 434; Mallinger v. State Farm Mutual Automobile Insurance Co., 253 Iowa 222, 111 N.W.2d 647; Barber v. State Farm Mutual Automobile Insurance Co., 254 Iowa 1280, 121 N.W.2d 147; Travelers Indemnity Co. v. National Indemnity Co., 292 F.2d 214, 221 (8th Cir. 1961); Citizens Mutual Automobile Insurance Co. v. Liberty Mutual Insurance Co., 273 F.2d 189, 192, 193 (6th Cir. 1959); McFarland v. Chicago Express, 200 F.2d 5, 8 (7th Cir. 1952); American Automobile Insurance Co. v. Republic Indemnity Co., 52 Cal.2d 507, 341 P.2d 675; August A. Busch & Co. of Massachusetts v. Liberty Mutual Ins. Co., 339 Mass. 239, 158 N.E.2d 351, 354; Eicher v. Universal Underwriters, 250 Minn. 7, 83 N.W.2d 895, 900; and Turpin v. Standard Reliance Insurance Co. (Mutual), 169 Neb. 233, 99 N.W.2d 26, 37.

The ruling of the trial court is—Affirmed.

All JUSTICES concur.