■ In the Matter of the Arbitration between GLOBE INDEMNITY COMPANY, Appellant, and ESTATE OF ABRAHAM BAKER et al., Respondents.— Order and judgment entered on June 18, 1964, unanimously modified on the law and on the facts to stay the arbitration permanently under Norman Baker's insurance policy (No. GDL 397255), with $50 costs to appellant. The petitioner-appellant, Globe Indemnity Company, issued identical liability insurance contracts to Abraham Baker and his son, Norman Baker, to cover their separately-owned vehicles. While Norman Baker was driving his father's vehicle, it was involved in a collision in Ohio with an uninsured abandoned car. Abraham Baker was killed and his wife Lillian and his sons Norman and Lawrence, all respondents herein, were injured. Abraham Baker's insurance policy contained an indorsement for family protection against uninsured

motorists in the limits of $10,000 for each person and $20,000 for each accident. Pursuant to this indorsement all involved in the accident sought arbitration thereunder. In addition, Norman Baker's insurance policy had an identical family protection indorsement and the respondents sought by arbitration to claim coverage under the "Other Insurance" clause contained in the family protection indorsement in Norman's policy. Special Term held that the "Other Insurance" clause in Norman's policy was excess insurance and therefore stayed the arbitration until it be determined whether there would be any excess amounts awarded above the $10,000–$20,000 limit in the arbitration under Abraham's contract. The "Other Insurance" clause in pertinent part states: "OTHER INSURANCE. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured the insurance hereunder *shall apply only as excess insurance* over any other similar insurance available to such occupant, *and this insurance shall then apply only in the amount by which the applicable limit of liability of this Part exceeds the sum of the applicable limits of liability of all such other insurance."* (Italics added.) The applicable limits of liability in both Norman's and Abraham's policies were $10,000–$20,000. Thus the applicable limits in Norman's policy did not exceed the applicable limits of Abraham's policy. The language is clear and free of ambiguity, that since the limits of Norman's policy did not exceed Abraham's, excess coverage cannot be applied to Norman's policy. (*Travelers Ind. Co. of Hartford, Conn. v. Wells,* 316 F. 2d 770; *Burchem v. Farmers Ins. Exch.,* 121 N. W. 2d 500 [Iowa].) Concur — Botein, P. J., Valente, McNally, Stevens and Staley, JJ.