454 P.2d 294

Janice C. MARTIN, Widow, Gaylynn Martin, Michelle Martin, Gary Chadwick Martin, and Val James Martin, Minors, by their Guardian Ad Litem, Janice C. Martin, Plaintiffs and Appellants,

v.

Lynn D. CHRISTENSEN and Farmers Insurance Exchange, a California corporation, Defendants and Respondents.

No. 11450.

Supreme Court of Utah.

May 2, 1969.

5. See note 4, supra.

Louis M. Haynie, Kent T. Yano, Salt Lake City, for plaintiffs and appellants.

Edward M. Garrett, Salt Lake City, for defendants and respondents.

CROCKETT, Chief Justice.

Plaintifs sued to recover for injuries suffered by Janice C. Martin and for the death of her husband, Gary, when they were struck by an automobile driven by defendant Lynn D. Christensen while standing on a sidewalk at 33rd South and 5th East in Salt Lake County on December 1, 1967. Christensen, an uninsured motorist, did not answer or otherwise appear in this action. The claim against defendant Farmers Insurance Exchange is based on two automobile insurance policies, both of which contained protection against uninsured motorists.

The Company acknowledged liability for $20,000, the limit specified in each policy for multiple claims in one accident, but the plaintiffs claim entitlement to $40,000, the aggregate limit of both policies. Upon reciprocal motions for summary judgment the trial court ruled for the defendant Company and the plaintiffs appeal.

The insurance policies are identical in their terms. Each policy contains the following provision of Paragraph 7 of the "Conditions," upon which the dispute in this case hinges:

> With respect to any occurrence, accident or loss to which this and any other insurance policy or policies issued to the insured by the Company also apply, *no payment shall be made hereunder which,* when added to any amount paid or payable under such other insurance policy or policies, *would result in a total payment* to the insured or any other person *in excess of the highest applicable limit of liability under any one such policy.* [Emphasis added.]

There appears to be no ambiguity or uncertainty in the provision just quoted. It being thus set forth as part of the insurance contract, in clear and understandable terms, that where the Company has

issued more that one policy to an insured, it will be liable only up to the maximum coverage of its highest limit on any one policy for any one accident or loss, it is the duty of the courts to give it effect.[1] This is true unless considerations of equity and justice, or of public policy, dictate that the contract should not be enforced because of fraud, duress, mistake, unconscionability, illegality or some other such cogent reason. No such considerations are present here.

■ In contending that despite the provisions of Paragraph 7 they should have the maximum coverage under both policies, the plaintiffs urge two points: that by issuing a second policy and accepting a premium therefor, the defendant should be deemed to have waived the limiting provision of said Paragraph 7; and that Sec. 41–12–21.1, U.C.A. 1953 (1967 Supp.), which provides that automobile insurance policies shall have limits of not less than $10,000 for death or injury to one person in one accident and not less than $20,000 for two or more persons, should apply to each policy separately. Plaintiffs argue that this statute fixes the minimum coverage under each policy separately, and that

they are therefore entitled to the maximum amount under both policies.

We are unable to see merit in the plaintiffs' arguments. We consider them in reverse order. The statute referred to simply provides that such a policy shall give a coverage of not less than $10,000 for injury or death to one person in one accident, or $20,000 for two or more. The policies owned by the Martins conformed to that requirement. The important fact would seem to be that, under one policy or two, the insured was protected against uninsured motorists to the extent the statute prescribes.[2] So long as that coverage is provided, there is nothing in the statute which would prevent an insurer, in issuing a second policy, from limiting its coverage to the statutory requirement. It is the Company's position that said Paragraph 7 under scrutiny here was expressly designed to provide that coverage under one policy and to avoid the effect of cumulative or multiple limits on a single accident where an insured has more than one policy; and further, that its premiums are based on the total exposure of risk on the entire policy as written, including the limitations in Paragraph 7. This impresses us as reasonable and as

1. See National Indemnity Co. v. Lead Supplies, Inc., D.C., 195 F.Supp. 249, 255 (1960): "An insurance company, like any other obligor under a contract, cannot be held responsible for more than it became obligated to perform. Such obligations can only be determined from the insuring agreements"; and as to contracts generally, see Ephraim Theatre Co. v. Hawk, 7 Utah 2d 163, 321 P.2d 221 (1958).

2. M.F.A. Mutual Ins. Co. v. Wallace, 245 Ark. 227, 431 S.W.2d 742 (1968).

providing the answer to plaintiffs' other contention that by acceptance of the premium on the second policy the defendant should be deemed to have waived the limitation in question.

On the basis of what we have said above it is our conclusion that the trial court was correct in its ruling that the defendant Company was liable only for the one maximum coverage of $20,000 as provided for in the policies.

Affirmed. Costs to defendants (respondents).

CALLISTER, TUCKETT and ELLETT, JJ., concur.

HENRIOD, J., concurs in the result.