**Elizabeth SIMPSON, Pamela Simpson, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**No. NA 69–C–34.**

United States District Court, S. D. Indiana, New Albany Division.

Sept. 2, 1970.

---

Schnatter & Gabhart, Jeffersonville, Ind., for plaintiffs.

Orbison, Rudy & O'Connor, New Albany, Ind., for defendant.

## MEMORANDUM OF DECISION

DILLIN, District Judge.

This action has been submitted to the Court for findings and judgment upon the pleadings, admissions and stipulations of the parties. The Court, having considered the same, together with the briefs of the parties, now makes its findings of fact and conclusions of law in the form of this memorandum.

The case presents an important question relating to the construction of policies of automobile liability insurance as presently written in Indiana, as to which there is no Indiana authority. This Court is therefore required to attempt to predict the construction which the courts of Indiana would probably make if confronted with the same set of facts. Each side has filed vigorous briefs, supported by respectable authority, as is possible because there is a substantial split in the authorities with respect to the question involved.

That question is as follows: In light of the Indiana statute requiring each policy of automobile liability insurance to include a policy provision for the protection of persons insured thereunder who are legally entitled to recover damages for personal injuries from owners or operators of uninsured motor vehicles,[1] is it permissible for an insurance carrier to limit such clause in its policy so as to reduce or eliminate its liability if other similar insurance is available to such insured, or payments made pursuant to other coverage of the policy? This Court believes that the Indiana courts would hold the correct answer to be "No."

The facts of the case are that the plaintiff Pamela Simpson is a minor, residing in the home of her mother, Elizabeth Simpson, both citizens of Indiana. On or about December 30, 1967, Elizabeth Simpson was the owner of two automobiles and carried separate policies of automobile liability insurance as to each of them with the defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), a corporation organized and having its principal place of business in the State of Illinois. The policies were each issued in Indiana. On such date Pamela Simpson was a passenger in an automobile other than the two owned by her

---

1. Burns' Ind.Stat.Anno. § 39–4310. "No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Acts 1947, chapter 159, sec. 14 [§ 47–1057], as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; Provided, That the named insured shall have the right to reject such coverage (in writing) and Provided further, That unless the named insured thereafter requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer." (The limit provided for bodily injury by § 47–1057 is $10,000 as to one person.)

mother, which automobile collided with one driven by one Malcolm W. Robertson, an allegedly uninsured motorist, as a result of which Pamela received personal injuries stipulated to be in excess of $30,000. Defendant has paid $6,000 for Pamela under the medical coverage provisions of her mother's policies.

Another insurance company, which afforded uninsured motorist coverage with respect to passengers in the vehicle in which Pamela was riding, has heretofore paid to her its full policy limit of $10,000 under such policy provision. The uninsured motorist coverage in each of State Farm's policies issued to Elizabeth Simpson is likewise $10,000, and Pamela, as an admitted insured under each of said policies, seeks a declaratory judgment to the effect that she is entitled to collect such sums from the defendant upon proof that the alleged negligence of Robertson was the proximate cause of her injuries. This Court has jurisdiction of the action. 28 U.S.C. §§ 1332(a), 1391(a), (c), 2201.

State Farm asserts the policy defense that, considering the other insurance available and paid to Pamela Simpson, it has no duty to pay her anything because of the language contained in the first grammatical paragraph of numbered paragraph 14 of Insuring Agreement III, which reads as follows:

"Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance."

It is true, as defendant contends, that said clause would constitute a complete defense to the action if valid, as the insured Pamela Simpson was injured while occupying an automobile not owned by the named insured, her mother, other insurance was available and paid to her, and all policies involved, including the other insurance, contained identical limits of $10,000 as to any one person. The clause is not ambiguous. Therefore, the principal question is as to whether paragraph 14 is valid in light of the statute.

State Farm asserts that the majority view favors its position that the clause is valid. However, neither analysis nor count of the decided cases supports this view.

Defendant states in its original brief that the leading case on the proposition appears to be Burcham v. Farmers Insurance Exchange, 1963, 255 Iowa 69, 121 N.W.2d 500. It is true that this is perhaps the earliest case holding that the "other insurance" clause should be effectuated as written, and has been cited as authority in other cases upon which defendant relies, such as Maryland Casualty Company v. Howe, 1965, 106 N.H. 422, 213 A.2d 420; Globe Indemnity Company v. Baker's Estate, 1964, 22 A.D.2d 658, 253 N.Y.S.2d 170, and others.

This Court does not disagree with the result reached in *Burcham*, as it agrees with the general proposition expressed therein that when policy provisions are clear, the contract entered into between the parties should be given effect as written. However, the case is completely lacking in authority in situations where, as in the case before this Court, a state statute is involved, for the reason that the Iowa uninsured motorist statute was not enacted by the legislature of that State until the year 1967, some four years after *Burcham* was decided. See Iowa Acts 1967, Chapter 374.

The one other case cited in Globe Indemnity Company v. Baker's Estate, *supra*, is Travelers Indemnity Co. of Hartford, Conn. v. Wells, 4 Cir., 1963, 316 F. 2d 770, which gave effect to an "other insurance" clause in a case of first impression purporting to apply the law of Virginia. Virginia, at the time, had a

statute similar to the Indiana statute in question. This case lost all of its vitality when the Supreme Court of Virginia specifically disapproved it in Bryant v. State Farm Mutual Automobile Ins. Co., 1965, 205 Va. 897, 140 S.E.2d 817. The holding in *Bryant*, requiring payment in full on two separate policies of insurance containing an uninsured motorist clause, was that the "other insurance" clause, in undertaking to limit and qualify the statute conflicted with the plain terms of the statute and was therefore illegal and of no effect.

The underpinning of Maryland Casualty Company v. Howe, *supra*, has likewise been totally undermined. In addition to citing the *Burcham* case, which was not in point, it also cited Travelers Indemnity Co. of Hartford, Conn. v. Wells, *supra*, repudiated as just pointed out. Finally, it cited Chandler v. Government Employees Ins. Co., 5 Cir., 1965, 342 F.2d 420, which held the "excess insurance" clause to be enforceable under the law of Florida. This decision was likewise repudiated by the appropriate state court in Sellers v. United States Fidelity & Guaranty Company, Fla., 1966, 185 So.2d 689. Here again, the court held that there was no latitude in the statute for an insurer to limit its liability through such clause, and that the clause must be judicially rejected as in conflict with the statute.

Another case cited by the defendant is M. F. A. Mutual Ins. Co. v. Wallace, 1968, 245 Ark. 230, 431 S.W.2d 742, which cites as its authority Maryland Casualty Company v. Howe, *supra*, the weakness of which as precedent has just been demonstrated. Still another case relied upon by the defendant, that of Martin v. Christensen, 1969, 22 Utah 2d 415, 454 P.2d 294, cites as its sole authority the *M.F.A.* case.

The actual weight of authority favors the plaintiffs' position that an insured in a state having an uninsured motorist statute similar to the Indiana statute is entitled to payment in full, up to the policy limit, with respect to each policy

under which coverage is afforded, and that "other insurance" clauses and similar clauses which purport to limit liability, such as clauses providing for a deduction as to amounts paid under medical payments provisions of the policy, are void as being in conflict with the statute. Meridian Mutual Insurance Company v. Siddons, Ky., 1970, 451 S. W.2d 831; Harleysville Mutual Casualty Company v. Blumling, 1968, 429 Pa. 389, 241 A.2d 112; Stephens v. Allied Mutual Insurance Company, 1968, 182 Neb. 562, 156 N.W.2d 133; Sparling v. Allstate Insurance Company, 1968, 249 Or. 471, 439 P.2d 616; Geyer v. Reserve Insurance Company, 1968, 8 Ariz.App. 464, 447 P.2d 556; State Farm Mutual Automobile Insurance Company v. Barnard, 1967, 115 Ga.App. 857, 156 S.E.2d 148; Moore v. Hartford Fire Ins. Company Group, 1967, 270 N.C. 532, 155 S.E.2d 128; Vernon v. Harleysville Mutual Casualty Company, 1964, 244 S.C. 152, 135 S.E.2d 841; Sellers v. United States Fidelity & Guaranty Company, *supra*; Bryant v. State Farm Mutual Automobile Ins. Co., *supra*.

The minority view is represented by M. F. A. Mutual Ins. Co. v. Wallace, *supra*; Martin v. Christensen, *supra*; Horr v. Detroit Auto. Inter-Insurance Exchange, 1967, 379 Mich. 562, 153 N. W.2d 655; LeBlanc v. Allstate Insurance Company, La.App., 1967, 194 So.2d 791; and Tindall v. Farmers Auto. Management Corp., 1967, 83 Ill.App.2d 165, 226 N.E.2d 397. Other cases cited by defendant are from jurisdictions lacking the all important statute. The reasoning of the minority is that the intent of the uninsured motorist statutes is only to afford protection in such amount as would have been afforded had the uninsured motorist had a liability policy containing the minimum limit, and that once such protection is afforded from any source it does not violate the statute for insurers to attempt to protect themselves from paying more, either singly or in combination, by the use of "other insurance" clauses, and other similar devices. The basis for this gratuitous ju-

dicial amendment is never supported by reference to legislative history.

This Court is unable to follow the reasoning of the minority for three reasons: (1) Nowhere in any of the statutes, except as hereafter noted, does the legislature attempt to fix any maximum limit of recovery; such statutes merely fix minimum requirements. (2) Since the statutes simply provide that each policy of insurance issued must contain uninsured motorist protection in minimum amounts, without qualification except as noted, it follows that any attempt on the part of an insurer to limit the effect of such clauses must be in derogation of the statute. (3) The premium paid with respect to each policy of insurance necessarily includes an amount in payment of the uninsured motorist coverage; it would be unconscionable to permit insurers to collect a premium for a coverage which they are required by statute to provide, and then to avoid payment of a loss because of language of limitation devised by themselves. (In the present case defendant could have written one policy covering both of Mrs. Simpson's automobiles, as is usual, and thus cut its uninsured motorist coverage in half, had it desired to do so. In collecting two uninsured motorist premiums it took the accompanying gamble.)

Defendant's second position is that in any event it is entitled to credit for the $6,000 heretofore paid on Pamela's behalf under the medical payments provisions of the policies as an offset against anything which it may be found to owe pursuant to the uninsured motorist provisions, relying on Insuring Agreement III, par. 13(c) (2).[2] It is obvious from the foregoing discussion that this attempted setoff is likewise in derogation of the statute, and it has been so held. Stephens v. Allied Mutual Insurance Company, *supra*; Phoenix Insurance Company v. Kincaid, 1967, Fla.App., 199 So.2d 770.

It is true that the offending clauses in the policies in suit have been approved by the State Commissioner of Insurance. State Farm urges that the Commissioner's approval of the policies is tantamount to a legislative approval thereof. The Court thinks not. As was stated by the court in Stephens v. Allied Mutual Insurance Company, *supra*, there is no reason to consider the approval of the Commissioner of Insurance when the language of the statute itself is plain and unambiguous. To the same effect see State Farm Mutual Automobile Insurance Company v. Barnard, *supra*, and Bryant v. State Farm Mutual Automobile Ins. Co., *supra*. Similarly, the Supreme Court of Indiana has held that the construction of a statute by officers or departments of the state is resorted to only when the statute is ambiguous, and such a construction cannot affect the operation or construction of an unambiguous statute. Metropolitan Life Ins. Co. v. State, 1917, 186 Ind. 407, 116 N.E. 579; State v. Mutual Life Ins. Co. of New York, 1910, 175 Ind. 59, 93 N.E. 213.

The long and short of it is that if the legislature determines to adopt the minority view, it may easily do so by amending the statute in question. Ironically, the doctrine of Burcham v. Farmers Insurance Exchange, *supra*, erroneously relied upon by the defendant, is still the law of Iowa notwithstanding the passage by the legislature of that state of an uninsured motorist statute in 1967. The reason that it is still the law of Iowa, however, is that the legislature specifically engrafted the rule of that case into the statute in the following language:

"Nothing contained in this chapter shall be construed as requiring forms

---

**2.** "(c) Any loss payable under the terms of this (uninsured motorist) coverage to or for any person shall be reduced by: * * * (2) all sums paid on account of such bodily injury under coverages C and M (medical payments and major medical payments coverages) of this policy."

of coverage provided pursuant hereto, whether alone or in combination with similar coverage afforded under other automobile liability or motor vehicle liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits * * * prescribed * * *. Such forms of coverage may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits." Iowa Code Anno., § 516A.2.

Thus, the Iowa legislature recognized that its enactment of an uninsured motorist statute would change the rule of *Burcham* unless it elected to retain the rule, as it did, by incorporating it into the law itself. Similarly, the California statute has incorporated a provision for setoffs and proration when multiple uninsured motorist coverage is involved. California Insurance Code, Sec. 11580.-2(d). Had the Indiana legislature desired to adopt the same rules it could easily have done so. Since it did not, this Court would not feel justified in adopting the gloss of the minority cases, based, as they are, upon such doubtful authority.

The view of this Court that the position taken is that which would be taken by the Indiana courts if confronted with the same question is dictated not only by the reasons above stated, but also by the well recognized Indiana rule that the courts of this state will be liberal in their interpretation of statutes enacted for the protection of motorists. Riehl v. National Mutual Insurance Company, 7 Cir., 1967, 374 F.2d 739; State Farm Mut. Auto. Ins. Co. v. Automobile Underwriters, 7 Cir., 1967, 371 F.2d 999; Arnold v. State Farm Mutual Automobile Ins. Co., 7 Cir., 1958, 260 F.2d 161. The question as to what construction applies when all available coverages total more than the actual damages is not reached under the stipulated facts, and accordingly has not been considered.

Judgment will be entered declaring the rights of the parties according to the views herein expressed.