WILLIAM A. PATTON ET AL. *v.* SAFECO INSURANCE COMPANY OF AMERICA.

[No. 970A152. Filed March 29, 1971.]

*James R. Martin, Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans,* of counsel, all of Kokomo, for appellants.

*H. William Irwin, Richard L. Fairchild, Stewart, Irwin, Gilliom, Fuller & Meyer,* of counsel, all of Indianapolis, *Bagot, Free, Shearer & Miller,* of Anderson, for appellee.

HOFFMAN, C.J.—Defendants-appellants appeal the entry of a judgment by the trial court in favor of plaintiff-appellee in an action for declaratory judgment based upon the "excess-escape" clause contained in the uninsured motorist portion of appellee's policy of insurance issued to appellants.

The issue presented by this appeal is: Does the uninsured motorist "excess-escape" clause limit recovery to one insurance contract, even though the injured person was covered by more than one policy?

Both parties agree that there is no genuine issue of material fact.

The record before us discloses the following:

In October, 1967, appellants (Pattons) were passengers in an automobile owned and operated by one Joseph Holtsclaw. The Holtsclaw vehicle was involved in a collision with a pickup truck being operated by an uninsured motorist. As a result of the collision, nine persons, including the Pattons, suffered personal injuries or death.

At the time of the accident Joseph Holtsclaw was insured with United Farm Bureau Mutual Insurance Company (United). Mr. Holtsclaw's policy provided uninsured motorist coverage with limits of $10,000 for one person and $20,000 per accident. William A. Patton was insured with appellee-Safeco Insurance Company of America (Safeco) and his policy provided identical limits of liability for uninsured motorist coverage.

Seeking compensation for their injuries, the Pattons made a claim under United's uninsured motorist coverage and from a total payment of $19,000 to nine persons received a settlemen of $7,125.

The Pattons then filed their petition with the American Arbitration Association against Safeco demanding arbitration of their respective claims for personal injuries under Safeco's uninsured motorist coverage. In response to the petition filed by the Pattons, Safeco initiated the action for declaratory judgment which led to this appeal.

Both parties filed motions for summary judgment. The trial court overruled the Pattons' motion and entered judgment in favor of Safeco on their motion. The sole error assigned by the Pattons is the overruling of their motion to correct errors.

Safeco agrees that for the purpose of determining the validity of their "excess-escape" clause, it may be assumed that the negligence of the uninsured motorist was the proximate cause of the injuries sustained by the Pattons and that the damages exceed $27,125.

The so-called "excess-escape" clause, which is placed in issue by this appeal, reads as follows:

> "Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Uninsured Motorist shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

Appellants contend that this clause limits and qualifies the words, purpose and legislative intent of the applicable statute.

Acts 1965, ch. 138, § 1, p. 215,[1] Ind. Stat. Anno., § 39-4310, Burns' 1965 Repl., the applicable statute, is as follows:

> "Motor vehicle liability—Non-insured vehicle coverage—Rejection in writing.—No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or

---

1. In 1969 the Legislature amended this section. See: IC 1971, 27-7-5-1 (Acts 1969, ch. 124, § 1, p. 272) Ind. Stat. Anno., § 39-4310, Burns' 1970 Cum. Supp.

death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in [IC 1971, 9-2-1-15] Acts 1947, chapter 159, sec. 14 [§ 47-1057], as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; Provided, That the named insured shall have the right to reject such coverage (in writing) and Provided further, That unless the named insured thereafter requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

The limits specified in IC 1971, 9-2-1-15 (Acts 1947, ch. 159, § 14, as last amended by Acts 1957, ch. 140, § 2), Ind. Stat. Anno., § 47-1057, Burns' 1965 Repl., are $10,000 for one person and $20,000 for one accident.

Safeco contends that their clause does not violate public policy or contravene § 39-4310, *supra,* because when the total limits of one policy are invoked because of injuries caused by an uninsured motorist, the injured persons are in the same position they would be if the uninsured motorist had the minimum limits set out in § 47-1057, *supra.*

Safeco's position definitely states the result of inserting an *enforceable* "excess-escape" clause in the uninsured motorist coverage of an automobile liability policy. There is little doubt that such a result was intended by insurers when they fabricated the "excess-escape" clause.[2] However, if the clause in question is in derogation of the Indiana uninsured motorist

2. For an excellent summary of this problem See: Pouros, *Multiple Uninsured Motorist Coverage Under More Than One Policy,* 10 For The Defense No. 8 (Defense Memo, Oct. 1969). See also: Couch on Insurance 2d, § 45:623, Vol. 12, at 570 (1964).

statute, § 39-4310, *supra,* such clause will be unenforceable regardless of the insurer's intent.

Both parties, and this court, have available a flurry of recent cases which decide the issue presented by this appeal. Pattons cite the following cases, all of which tend to support their position. *LeBlanc* v. *Allstate Insurance Company,* 194 So. 2d 791 (La. App. 1967) ; *Kraft* v. *Allstate Insurance Company,* 6 Ariz. App. 276, 431 P. 2d 917 (1967) ; *Moore* v. *Hartford Fire Insurance Company Group,* 270 N. C. 532, 155 S. E. 2d 128 (1967) ; *Sellers* v. *United States Fidelity & Guaranty Co.,* 185 So. 2d 689 (Fla. 1966) ; *Bryant* v. *State Farm Mutual Automobile Ins. Co.,* 205 Va. 897, 140 S. E. 2d 817 (1965) ; *Travelers Indemnity Company* v. *Wells,* 209 F. Supp. 784 (D.C.W.D. Va. 1962) ; *Smith* v. *Pacific Automobile Insurance Co.,* 240 Ore. 167, 400 P. 2d 512 (1965).

Safeco cites, among others, the following cases, all of which tend to support its position. *Martin* v. *Christensen,* 22 Utah 2d 415, 454 P. 2d 294 (1969) ; *M.F.A. Mutual Ins. Co.* v. *Wallace,* 245 Ark. 230, 431 S. W. 2d 742 (1968) ; *State Farm Mutual Automobile Ins. Co.* v. *De La Cruz,* 283 Ala. 167, 214 So. 2d 909 (1968) ; *Russell* v. *Paulson,* 18 Utah 2d 157, 417 P. 2d 658 (1966) ; *Miller* v. *Allstate Insurance Company,* 66 Wash. 2d 871, 405 P. 2d 712 (1965) ; *Burcham* v. *Farmers Insurance Exchange,* 255 Iowa 69, 121 N. W. 2d 500 (1963). However, none of the above cited cases deal with the statute which is at issue here. The cited cases clearly demonstrate that there are two schools of thought with regard to "excess-escape" clauses. Inasmuch as Indiana has a statute regulating uninsured motorist coverage, we need only to determine whether the "excess-escape" clause is in derogation of our statute.

The Pattons cite the only case which deals with the Indiana uninsured motorist statute, *Simpson* v. *State Farm Mut. Auto Ins. Co.,* 318 F. Supp. 1152 (D.C.S.D. Ind. 1970).[3] In *Simpson* Judge S. Hugh Dillin held that an "excess-escape" clause almost identical to Safeco's was in derogation of § 39-4310, *su-*

3. Also reported at 22 Ind. Dec. 495 (1970).

*pra.* Pamela Simpson, a minor, resided with her mother who owned two automobiles and insured each with State Farm on separate policies. While a passenger in an automobile other than her mother's Pamela was injured by an uninsured motorist. The insurance carrier for the non-owned automobile paid the $10,000 per person limit afforded under their policy. The Simpsons then filed an action for declaratory judgment praying that the court declare they are entitled to collect additional monies under State Farm's uninsured motorist coverage, provided they prove that the negligence of the uninsured motorist was the proximate cause of Pamela's injuries. The defense asserted by State Farm was their "excess-escape" clause. It was stipulated that the damages arising from personal injuries were in excess of $30,000.

Judge Dillin at 1156 of 318 F. Supp., stated that the court was unable to follow the reasoning of the cases cited in support of State Farm's position for the following reasons:

"(1) Nowhere in any of the statutes, except as hereafter noted, does the legislature attempt to fix any maximum limit of recovery; such statutes merely fix minimum requirements.

"(2) Since the statutes simply provide that each policy of insurance issued must contain uninsured motorist protection in minimum amounts, without qualification except as noted, it follows that any attempt on the part of an insurer to limit the effect of such clauses must be in derogation of the statute.

"(3) The premium paid with respect to each policy of insurance necessarily includes an amount in payment of the uninsured motorist coverage; it would be unconscionable to permit insurers to collect a premium for a coverage which they are required by statute to provide, and then to avoid payment of a loss because of language of limitation devised by themselves."

While *Simpson* is not exactly in point, Judge Dillin correctly stated the law in Indiana.

The argument with regard to the collection of premiums for uninsured motorist protection while limiting liability *via* the

"excess-escape" clause had some validity in *Simpson* because State Farm could have issued one rather than two policies. However, such an argument adds nothing to the instant case because the premium charged by Safeco's one policy was, without a doubt, computed on the assumption that the "excess-escape" clause was valid and enforceable. It can hardly be contended that the rate charged by Safeco would be the same without the "excess-escape" clause.

Section 39-4310, *supra,* is directed at insurer's operating within the State of Indiana and, while it is not mandatory, unless such coverage be rejected in writing by the named insured, it shall be in all policies delivered or issued for delivery in Indiana.

Insurance contracts are to be interpreted most favorably to the insured. *Masonic Acc. Ins. Co.* v. *Jackson,* 200 Ind. 472, 164 N. E. 628 (1929) ; *Town & Country Mut. Ins. Co.* v. *Owens, Admr. et al.,* 143 Ind. App. 522, 241 N. E. 2d 368 (1969), (transfer denied) ; *Red 73 Creamery, Inc.* v. *Lumbermen's Mut. Cas. Co.,* 138 Ind. App. 273, 209 N. E. 2d 896 (1966), (transfer denied).

Likewise, statutes regulating insurance should be liberally construed in favor of the insured. 3 Sutherland, Statutory Construction (Horack, 3d Ed.), § 7105, at 393-4.

Section 39-4310, *supra,* states that "[n]o * * * policy of insurance * * * shall be delivered or issued for delivery in this state * * * unless * * *." Such statute further states that it is "* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *." The thrust of the statute is directed at each policy of insurance and for the protection of persons insured. The Legislature was certainly aware of the fact that insured persons are injured in "non-owned" automobiles by uninsured motorists.

If the Legislature had intended to limit the recovery of persons injured by an uninsured motorist to the limits of one policy, even though such persons are covered by more than one policy, § 39-4310, *supra,* would be directed at the injured parties and not at each policy of insurance. Therefore, the "excess-escape" clause, being an attempt by the insurer to limit the application of § 39-4310, *supra,* is in derogation of said statute, invalid and unenforceable.

Our decision in this case should not be interpreted to mean that an insured is entitled to double recovery. The absolute limit of recovery in *all* cases is the amount of the damages sustained for personal injuries.

Because the issue was not presented, we do not decide the efficacy of the settlement by United, which was less than the policy limits.

We hold that an insured shall not be limited to the uninsured motorist provision of one policy by the "excess-escape" clause when, in fact, he is otherwise covered by more than one policy.

Judgment reversed with instructions to enter judgment consistent with this opinion.

Sharp, Staton and White, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 859.