**Richard J. SCHELFO and Donna Schelfo, Plaintiffs,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, a foreign corporation incorporated under the laws of the District of Columbia, et al., Defendants.**

**No. 73 H 192.**

Untied States District Court,
N. D. Indiana,
Hammond Division.

Feb. 7, 1974.

Nowicki, Raskosky & Kohl, by Edward J. Raskosky, Hammond, Ind., for plaintiffs.

David J. Hanson, Gary, Ind., McKenna, Storer, Rowe, White & Haskell, Chicago, Ill., Cecil B. Cohen, Stephen B. Cohen, East Chicago, Ind., for defnedants.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

This case was originally filed by the plaintiffs on July 31, 1973. On December 11, 1973 a second amended complaint was filed by the plaintiffs in which they assert that on October 15, 1971 Richard Elston was insured by the defendant, Government Employees Insurance Company, under one policy of insurance, namely, policy number 509–32–18 and said policy on said date covered a 1965 Impala Chevrolet two door automobile, a 1968 four door Impala Chevrolet automobile, and a 1964 Chevrolet. Said policy contained an uninsured motorist endorsement.

On October 15, 1971 the plaintiff, Donna Schelfo, was a passenger in a 1965 Chevrolet automobile owned by said Richard Elston and operated with his permission by his daughter, Cynthia Elston, which 1965 Chevrolet automobile was involved in an accident on United States Highway 41, which accident was caused by the negligence of the defendants, Melody Coukart and Beauford Hobby, uninsured motorists. The plaintiff, Richard Schelfo, asserts that he has incurred medical expenses and has lost

the services of his minor child. The defendant, Government Employees Insurance Company, has filed its motion to dismiss or in the alternative its motion for summary judgment. The matter has been thoroughly briefed by counsel and was reviewed and discussed by counsel and the court at a preliminary pretrial conference on February 1, 1974. It was the express desire of counsel at that time for the court to rule on the legal issue that is presented by the motion to dismiss or in the alternative for summary judgment.

There is no real dispute as to any of the facts in this case and the motions raise a question of law. The policy above referred to contains the following provision:

"Regardless of the number of automobiles or trailers to which this policy applies, the limit of liability for uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the compan's liability for motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident; and, subject to the above provisions respecting each person, regardless of the number of automobiles or trailers to which this policy applies, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

Both parties appear to cite and attempt to rely on the same decisions of the State Courts of Indiana and Federal Courts setting in Indiana in regard to uninsured motorist coverage. Those cases include Simpson v. State Farm Mutual Auto Insurance Co., 318 F.Supp. 1152 (S.D.Ind.1970), Patton v. Safeco Ins. Co. of America, Ind.App., 267 N.E. 2d 859 (1971), and two unpublished

opinions in this court, namely, Mary Lady et al. v. State Farm Mutual Automobile Ins. Co. et al., cause number 70 H 114, decided April 19, 1971, and Rozina v. United States Fidelity & Guaranty Co., No. 69 H 257, decided September 15, 1971. See also, Trinity Universal Insurance Company v. Capps et al., No. 73 H 140, decided January 10, 1974, Ind.Dec. At the outset it appears that the *Simpson* case has some salient differences. *Simpson* involved two separate policies of insurance whereas this case involves only one policy and *Simpson* also involved the "other insurance clause" rather than the "limits of liability clause" which is in dispute here. In *Simpson* Judge Dillin stated:

"In the present case defendant could have written one policy covering both of Mrs. Simpson's automobiles, as is usual, and thus cut its uninsured motorist coverage in half, had it desired to do so."

It appears that the suggestion in *Simpson* was followed by the defendant, Government Employees Insurance Company, in this case.

The *Patton* case is also distinguishable from the case at bar and is similar to the *Simpson* case. The *Patton* case involved two separate insurance policies and likewise involved an interpretation of the "excess-escape clause" or "other insurance clause" similar to *Simpson*. The *Patton* case adopted the reasoning of Judge Dillin in the *Simpson* case as the law of Indiana. Likewise, the *Mary Lady* case here involved two policies of insurance rather than the one in this case. Judge Beamer, in his opinion, limited his consideration to an interpretation of the "other insurance clause" and not the "limits of liability clause" as in the case here. The *Mary Lady* case followed the *Simpson* case and is consistent with the *Patton* case.

In the *Rozina* case Judge Beamer stated:

"The body of the policy contains the following language:

Regardless of the number of . . . automobiles or trailers to

which this policy applies . . . the limit for Uninsured Motorists Coverage stated in the declarations as applicable to 'each accident' is the total limit of the Company's liability for all damages because of bodily injury sustained by one or more persons as the result of any one accident. (Same as Government Employees Insurance Company Policy here)

Despite that very specific language, plaintiffs maintain that the inclusion of a second automobile doubled the policy's limits. In support of that contention, they cite numerous cases from other jurisdictions, but none of them involved a policy *with the express limitation quoted above,* (emphasis added) and most are distinguishable on other grounds as well. The only reported case that appears to be directly in point with this one is Hilton v. Citizens Ins. Co. of New Jersey, 201 So.2d 904, 906 (Fla.App. 1967), where the Court made the following remarks:

> The insurance policy on which plaintiffs base their claim for judgment clearly provides that regardless of the number of vehicles insured thereunder, or the number of insureds who may sustain damages in any one accident, the limit of the company's liability shall be the amount set forth in the declarations clause of the policy. This amount is shown to be the sum of $20,000.-00. To hold with the contention of appellants (plaintiffs) would amount to rewriting the clear and unambiguous terms of the insurance policy sued upon and to impose on appellee twice the amount of liability it agreed to assume for the premium charged in exchange for the coverage granted.

This Court concurs. The policy's language was as clear as it could possibly be."

Judge Beamer was correct in *Rozina* and there are no changes in the Indiana law since to compel a different result here.

Ind.Stat.Ann. Burns' Section 39–4310, IC 1971, 27–7–5–1, provides in part:

> "No automobile liability or motor vehicle *liability policy* of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance *or use of a motor vehicle shall be delivered or issued for delivery in this state."* (emphasis added)

It is clear that the policy here in question complied with the above provision.

In this policy three automobiles were insured. All of the automobiles belonged to the same insured. The policy carefully delineated the premium cost and coverages as to each. The policy clearly and unambiguously defined and limited the uninsured motorist coverage as to each. A careful review of the record in this case in the light of the provisions of Rule 56 of the Federal Rules of Civil Procedure disclose that the defendant, Government Employees Insurance Company, is entitled to a judgment as a matter of law which limits its liability under the uninsured motorist provisions of said policy 509–32–18.

We are not here concerned with the types of attempted exclusions that were held to violate the Indiana uninsured motorist statute in Cannon v. American Underwriters, Inc., Ind.App., 275 N.E.2d 567 (1971), State Farm Mutual Automobile Insurance Co. v. Robertson, Ind. App., 295 N.E.2d 626 (1973), and Vantine v. Aetna Casualty & Surety Co., 335 F.Supp. 1296 (D.C.N.D.Ind.1971).

The court finds that the defendant, Government Employees Insurance Company, is entitled to a judgment as a matter of law that the uninsured motorist provisions of said policy number 509–32–18 shall be limited to $10,000.-00/$20,000.00 as described in the legend of benefits in said policy.