■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v ANN J. DRYSDALE et al., Respondents. — Order unanimously reversed, with costs, motion granted and judgment entered in favor of plaintiff in accordance with the following memorandum: Ann Jennings Drysdale received injuries while a passenger on a motorcycle owned and operated by her husband Keith when it collided with a motor vehicle owned and operated by Debra Stephens. After being informed that Stephens' carrier, Lumbermen's Mutual Casualty Company, had canceled Stephens' policy for nonpayment, Ann filed a notice of intent to make a claim under the uninsured motorist provisions of Keith's policy with Meritplan Insurance Company (Meritplan). At Meritplan's request, Ann then filed a similar claim against State Farm, her insurance carrier on an automobile which was not involved in the accident. State Farm moved at Special Term for an order declaring that its uninsured motorist coverage is excess insurance, secondary to the uninsured motorist coverage provided by Meritplan and that the Drysdales therefore cannot recover under State Farm's uninsured motorist indorsement. State Farm further sought judgment declaring that it is not liable to Meritplan as a coinsurer for any sum paid by Meritplan under its uninsured motorist indorsement to Ann or Keith Drysdale. State Farm's motion was denied and it now urges that it is entitled to such judgment as a matter of law. We agree. Part 4 of Ann's State Farm policy (the uninsured motorist indorsement) contains a standard "other insurance" clause as follows *"Other Insurance.* With respect to bodily injury

to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance." Under the language of that clause Keith's Meritplan policy is "other similar insurance available to such insured and applicable to such automobile as primary insurance." Meritplan argues that the clause does not apply to Keith's policy because the insured vehicle is a motorcycle and not an automobile. That argument was effectively dispelled in *Matter of Country-Wide Ins. Co. v Wagoner* (45 NY2d 581), on facts very similar to those in the case before us. Inasmuch as a motorcycle is considered an "automobile" for purposes of that clause, and inasmuch as Meritplan's policy provides uninsured motorist coverage pursuant to subdivision 2-a of section 167 of the Insurance Law, Meritplan is the primary insurer with respect to which State Farm provides only excess insurance. By operation of law Meritplan's policy provides Ann and Keith each with $10,000 coverage, the same amount provided under State Farm's indorsement. Inasmuch as their recovery against an uninsured motorist is limited to $10,000 each and because the extent of State Farm's potential liability does not exceed the liability limit of Meritplan's indorsement, State Farm cannot be liable under its "other insurance" clause *(Matter of Public Serv. Mut. Ins. Co. v Cross,* 38 AD2d 930; *Matter of Travelers Ins. Co. v Case,* 36 AD2d 833; *Cohen v Liberty Mut. Ins. Co.,* 35 AD2d 719; *Matter of Globe Ind. Co. [Baker],* 22 AD2d 658). (Appeal from order of Monroe Supreme Court — summary judgment.) Present — Dillon, P. J., Cardamone, Doerr, Denman and Moule, JJ.